JOHN H. CLARKE, ADMINISTRATOR OF WILLARD W. WETMORE, AP-
PELLANT v. HENRY MATHEWSON, CYRUS BUTLER, EDWARD
CARRINGTON, AND SAMUEL WETMORE, APPELLEES.

A bill was filed by W. a citizen of Connecticut, against M. and others, citizens of
Rhode Island, in the circuit court of the United States for the district of Rhode
Island. An answer was put into the bill, and the cause was referred to a master
for an account. Pending these proceedings, the complainant died; and administra-
tion of his effects was granted to C. a citizen of Rhode Island, who filed a bill of
revivor in the circuit court. The laws of Rhode Island do not permit a person
residing out of the state to take out administration of the effects of a deceased
person within the state; and make such administration indispensable to the prose-
cution and defence of any suit in the state, in right of the estate of the deceased.
Held, that the bill of revivor was in no just sense an original suit, but was a mere
continuation of the original suit. The parties to the original suit were citizens of
different states; and the jurisdiction of the Court completely attached to the con-
troversy. Having so attached, it could not be divested by any subsequent pro-
ceedings; and the circuit court of Rhode Island has rightful authority to proceed
to its final determination.

If, after the proper commencement of a suit in the circuit court, the plaintiff re-
moves into, and becomes a citizen of, the same state with the defendant; the
jurisdiction of the circuit court over the cause is not affected by such change of
domicil.

The cases of Morgan's Heirs v. Morgan, 2 Wheat. 290, 4 Cond. Rep. 320; and Mol-
lan and others v. Torrance, 9 Wheat. 537, 5 Cond. Rep. 666; and Dunn v. Clarke,
8 Peters, 1: cited.

The death of a party pending a suit does not, where the cause of action survives,
amount to a determination of the suit. It might, in suits at common law, upon
the mere principles of that law have produced an abatement of the suit, which
would have destroyed it. But in courts of equity, an abatement of the suit by the
death of the party, has always been held to have a very different effect; for such
abatement amounts to a mere suspension, and not to a determination of the suit.
It may again be put in motion by a bill of revivor; and the proceedings being re-
vived, the court proceeds to its determination as an original bill.

A bill of revivor is not the commencement of a new suit, but is the mere continu-
ance of the old suit. It is upon ground somewhat analogous that the circuit courts
are held to have jurisdiction in cases of cross bills and injunction bills, touching
suits and judgments already in those courts.

In the 31st section of the judiciary act of 1789, congress manifestly treats the revivor
of a suit, by or against the representatives of the deceased party, as a matter of
right, and as a mere continuance of the original suit; without any distinction as
to the citizenship of the representative, whether he belongs to the same state
where the cause is depending, or to another state.

[Clarke v. Mathewson et al.]

ON appeal from the circuit court of the United States, from the district of Rhode Island.

Willard W. Wetmore, a citizen of Connecticut, filed a bill to June term, 1830, of the circuit court of the district of Rhode Island, against Henry Mathewson, Cyrus Butler, Edward Carrington, and Samuel Wetmore, citizens of the state of Rhode Island; claiming an account of certain mercantile adventures, in which he alleged him-self to have been interested, together with the books, invoices, and list of passengers on board of the ship Superior, in which he asserted he was interested; and for a full settlement of all accounts between him and the defendants: and for such other and further relief in the premises as the court might think proper.

The separate answer of Henry Mathewson to the complainant's bill was filed in September, 1830; the answers of the other defendants having been filed in June or July of the same year.

A supplemental answer was afterwards filed by Henry Mathewson; and in November, 1831, after various pleadings in the case, counsel having been heard, the cause was referred to a master to take and state an account between the parties, &c. The parties appeared before the master and his assistants, and an examination of the accounts was had and proceeded in.

In 1834, before a report was made by the master, Willard W. Wetmore died; and administration of his estate and effects was granted by, and out of the municipal court of the city of Providence, in the state of Rhode Island, to John H. Clarke, a citizen of that state: who thereupon filed a bill in the circuit court to revive the suit, and prayed that the same should stand in the same situation, as at the decease of the original complainant, Willard W. Wetmore.

On the 7th of July, 1834, Henry Matthewson appeared in the circuit court; denied the jurisdiction of the court, and moved to dismiss the suit, on the ground that John H. Clarke was a citizen of the state of Rhode Island, as were also the defendants. At November term, 1835, the circuit court dismissed the bill for want of jurisdiction; and the complainant appealed to this Court.

The case was argued by Mr. Southard for the appellants; and by Mr. Tillinghast and Mr. Webster for the appellees.

Mr. Southard for the appellants contended:

1st. That the court had jurisdiction of the cause upon the original bill.

2d. That the jurisdiction would not have been taken away by the removal of the complainant to Rhode Island.

3d. That the death of the complainant did not abate, but suspend, the suit; and the jurisdiction of the court was not thereby lost.

4th. That the administrator had a right, in equity, to revive and continue the suit.

The circuit court of Rhode Island had originally jurisdiction of the case; and the parties went on, after the filing of the bill, and the answers, to the examination of the accounts under an interlocutory decree of the court. While the cause was in this state, the complainant died, and by the laws of Rhode Island no administration of his affairs could be granted to any one but a citizen of that state. The act of the legislature is express on the subject; and requires that administration of the estates of decedents shall only be given to citizens and residents of Rhode Island.

If, then, this cause is to proceed, it must be by a plaintiff or complainant who is a citizen of Rhode Island; and if not, all the litigation between the parties will have been fruitless and unproductive. If the jurisdiction of the court has ceased, a result will occur which would prevail in no other state. The parties must commence a suit in the court of the state, where he may perhaps be met with a plea of the statute of limitations; and thus his remedy will be for ever defeated. The case, too, is one peculiar for the jurisdiction of a court of chancery; and the courts of the state of Rhode Island have no chancery jurisdiction.

This is a bill of revivor; and from its nature and purpose, it seeks to restore the case to the chancery docket of the circuit court, in the same situation it was before the death of the original complainant. It does not ask to change the controversy, or to add to it; and it will stand when revived, in the condition it did before the occurrence of the event which made it necessary to revive it. The bill of revivor is not an original suit; it is nothing more than the means of continuing the suit already commenced. It introduces no new matters for controversy and adjustment; and only furnishes the means of bringing to a close those already in possession of the court. The citizenship, or residence of the administrator has no connection with the case;

the matters are litigated in the same manner as if the original party was yet alive.

It is, then, still a controversy within the purpose of the judiciary act, which gives the circuit courts jurisdiction of matters in suit between citizens of different states; as all the matters controverted will be those set forth in the bill of the complainant originally filed by him in the circuit court, he being then a citizen of Connecticut.

The death of a party to a suit in chancery does not abate the suit; it is only suspended. In this the law of chancery differs from the common law. Cited Grant's Chancery, 61, 62; Cooper's Chancery, 64; and this is more especially true under the judiciary act of the United States, and in the courts of the United States. By the 31st section of the act, administrators and executors are authorized to prosecute suits in the courts of the United States.

The object of this section was to carry out the principle that a suit should not abate, if the cause of action survived. Congress intended to supply a remedy in the case of the decease of a party. It should be shown there has been a decision on this point by a court of the United States; and until this is done the plain language of the section will prevail.

Authorities cited to show, that where jurisdiction has attached, it cannot be divested by any thing which does not change the great interests in the cause. 1 Peters' C. C. R. 444; 9 Wheat. 537; 2 Wheat. 290.

It has not been the course of the courts of the United States to consider their jurisdiction, after it has once attached, as taken away by the subsequent change of residence of the party. A suit properly commenced between citizens of different states, still proceeds; although the parties may, before its termination, become citizens of the same state. This is a stronger case than where the party dies. It was the act of the party to become a citizen of the same state with his opponent; it is by the visitation of God, that the party in this case ceased to have ability to proceed in his cause.

Suppose a citizen of Rhode Island, after taking out administration to the estate of Willard W. Wetmore, had removed to Connecticut; this, if done bona fide, would give the court jurisdiction. If immediately afterwards, he returns to Rhode Island, the jurisdiction of the court is not disturbed. Cited 1 Paine's C. C. R. 594.

All the cases which have been decided, have been as to the vesting of the jurisdiction in the courts of the United States originally.

[Clarke v. Mathewson et al.]

This is a case in which the jurisdiction has fully and legally vested; and the act of congress declares that the suit shall not abate by the death of one of the parties. No matter what the form of a bill of revivor may be, it is no more than the instrument to carry into effect the act of congress which declares the suit shall survive.

As to the suggestion that questions may arise under the bill of revivor, and that they will be questions between citizens of the same state; the Court must be aware that these must be questions in the original suit. They will be incidents to that suit, and to the matters in controversy in it; and no more.

Mr. Webster and Mr. Tillinghast for the defendants.

The plaintiff alleges, that he was appointed administrator by a court of probate in Rhode Island; and he sets forth various matters, all necessary to his title and claim, and all of which the defendant may legally controvert. The prayer of this bill, which is original as between these parties, is, that a former bill, exhibited in the lifetime of his intestate, when this plaintiff sustained no relation to that bill, its parties, or its subject matter, may be revived for his benefit and relief, with the benefit and use of all proceedings therein; and all against a citizen of the same state, who resists and controverts his right. This is the controversy of this bill; and it is wholly between citizens of the same state.

The plaintiff's relation to the estate of Wetmore, deceased, was not thrown upon him by the act of God, or the operation of law; but was formed and assumed by his own consent and contract.

His title to any thing claimed in the former bill, if he has any, is by purchase.

If a legal administrator, he is the legal and sole owner of all the property claimed; and the court, under this bill, cannot, it is presumed, deal with any claims to the property beyond those vested in him. But were this otherwise, still it not only does not appear in the bill that those who may have ulterior claims on him, as creditors, surviving partners, or distributees of the property of the deceased, are citizens of another state; but, on the contrary, the reverse appears.

The courts of general jurisdiction are open to him; and there are perfect remedies therein for every grievance in those courts.

It required legislative power to enable an administrator to come into a suit pending at the death of his intestate, to revive and continue the proceedings in a court of general jurisdiction. State legis-

[Clarke v. Mathewson et al.]

latures have, therefore, passed enabling statutes, applicable to state courts. Judicial power to that effect, was, and is wanting, without legislative enactment; even in courts of general jurisdiction. Congress has not attempted to invest the federal courts with the power now claimed for them by the plaintiff; nor could congress give jurisdiction beyond the limitations of the constitution.

.It is contended for the defendant, that the whole current of decisions runs against the jurisdiction now asserted by the plaintiff. " If there are not proper parties to the suit as it stands on the bill of revivor, that circumstance may, it would seem, be pleaded to such bill." Beame's Pleas in Eq. 304; 11 Ves. 313.

It is true, on obvious grounds, that a defendant to a bill of revivor cannot plead a plea which has been pleaded by the original defendant and overruled; nor, it is presumed, one which might have been pleaded by original defendant, but waived or omitted at its proper time. Beame, obv. sup. Samuda v. Furtado, 3 Bro. C. C. 70.

Nor is a cross bill liable to any plea which will not hold to the original bill; nor to a plea to jurisdiction, though the original might be. Beame, 310. Because a cross bill is in the nature of a defence selected by the adverse party, the reconventio of the civil jurisdiction. Wood's Inst. Civ. Law, 325, &c. Such cases leave it supposed and granted, that, in the case now in question, the objection is good.

The very point of jurisdiction raised by the plea in this case, has been decided in the courts of the United States, and in favour of the view taken by the defendants. Chappedelaine et al. v. Decheneaux, 4 Cranch, 306. Also the case, Potter v. Rhodes, decided in the circuit court of the United States for Rhode Island district, November term, 1806. The suit was by Potter, of Massachusetts, against Rhodes, of Rhode Island. Potter died during the pendency, and his administrators appeared, and were admitted as such to prosecute. It then appeared, that one of them was a citizen of Rhode Island; and the court decided that it had no jurisdiction for that cause.

The court always looks solely to the record. There is no case in which they look out of it; for the record is always of the parties own making. It is on this ground they always refuse to go into questions of the removal of a party after a suit has been instituted. The only question is, does it appear on the record that the parties are citizens of different states; and this appearing, the court go no further.

The law might have been more advantageous to parties litigating

[Clarke v. Mathewson et al.]

in the courts of the United States; but it is not so; and the law must prevail.   There are other cases of great hardship, and producing great embarrassment: the case of all the parties being required to be citizens of another state.   This is a hardship, but it cannot be helped.   The law is positive, and the courts are obliged to obey it.

The bill of revivor says the original suit has abated, and asks to revive it as a controversy between the administrator and the defendants.   While the matters in dispute between the original parties may remain, there may be others which will be raised by the bill of revivor; and these will be between citizens of Rhode Island, exclusively.

Suppose it shall become necessary to file a cross bill, it must be filed by a citizen of Rhode Island, against another citizen of that state.   This seems to be conclusive of the question.

Mr. Justice STORY delivered the opinion of the Court.

This is the case of an appeal from the circuit court of the district of Rhode Island   The original cause was a bill in equity brought by Willard W. Wetmore, deceased, a citizen of Connecticut, against the defendants, Henry Mathewson and others, all citizens of Rhode Island; for an account upon certain transactions set forth in the bill, and with a prayer for general relief.   After the cause was at issue upon the hearing, it was, by agreement of the parties, ordered by the court to be referred to a master to take an account; and pending the proceedings before the master, the intestate died.   Administration upon his estate was duly taken out by the present plaintiff, John H. Clarke, in the state of Rhode Island; the laws of Rhode Island requiring that no person not a resident of the state, should take out letters of administration; and also making such administration indispensable to the prosecution and defence of any suit in the state, in right of the estate of the intestate.

Clarke filed a bill of revivor in the circuit court, in June, 1834, in which he alleged himself to be a citizen of Rhode Island, and administrator of Wetmore, against the defendants; whom he alleged, also, to be citizens of the same state.   So that it was apparent upon the face of the record, that the bill of revivor was between citizens of the same state.   Upon motion of the defendants, at the November term of the circuit court, A. D. 1835, the court ordered the bill of revivor to be dismissed for want of jurisdiction; and from this decretal order, the present appeal has been taken by the appellant.

[Clarke v. Mathewson, et al.]

The case, as it was decided in the circuit court, is reported in 2 Sumner's Rep. 262, 268; and the ground of dismissal was, that the bill of revivor was a suit between citizens of the same state. The judiciary act of 1789, ch. 20, sec. 11, confers original jurisdiction upon the circuit courts, of all suits of a civil nature at common law and in equity; where the matter in dispute exceeds the sum or value of five hundred dollars, and the United States are plaintiffs or petitioners, or an alien is a party; or the suit is between a citizen of the state where the suit is brought and a citizen of another state. If, therefore, the present had been an original bill brought between the present parties, it is clear that it could not have been maintained; for although the plaintiff could sue in autre droit, and as administrator of a citizen of another state; yet the suit would be deemed a controversy between him and the defendants, and not between his intestate and the defendants. This is the necessary result of the doctrine held by this Court in Chappedelaine v. Decheneaux, 4 Cranch, 306, and Childress v. Emory, 8 Wheat. 642.

The circuit court treated the present case as falling within the same predicament. In this, we are of opinion, that the court erred. The bill of revivor was, in no just sense, an original suit; but was a mere continuation of the original suit. The parties to the original bill were citizens of different states; and the jurisdiction of the court completely attached to the controversy: having so attached, it could not be divested by any subsequent events; and the court had a rightful authority to proceed to a final determination of it. If, after the commencement of the suit, the original plaintiff had removed into, and become a citizen of Rhode Island, the jurisdiction over the cause, would not have been divested by such change of domicil. So it was held by this Court in Morgan's Heirs v. Morgan, 2 Wheat. 290, 297; and Mollan v. Torrance, 9 Wheat. 537; and Dunn v. Clarke, 8 Peters, 1.

The death of either party, pending the suit, does not, where the cause of action survives, amount to a determination of the suit. It might in suits at common law, upon the mere principles of that law, have produced an abatement of the suit, which would have destroyed it. But in courts of equity, an abatement of the suit, by the death of a party, has always been held to have a very different effect; for such abatement amounts to a mere suspension, and not to a determination of the suit. It may again be put in motion by a bill of revivor, and the proceedings being revived, the cause proceeds to its

[Clarke v. Mathewson et al.]

regular determination as an original bill. The bill of revivor is not the commencement of a new suit; but is the mere continuation of the old suit. It is upon a ground somewhat analogous, that the circuit courts are held to have jurisdiction in cases of cross bills, and injunction bills, touching suits and judgments already in those courts; for such bills are treated not strictly as original bills, but as supplementary or dependent bills, and so properly within the reach of the court; although the defendant, (who was plaintiff in the original suit) lives out of the jurisdiction. A very strong application of the doctrine is to be found in the case of Dunn v. Clarke, 8 Peters, 1; where an injunction bill was sustained, although all the parties were citizens of the same state; the original judgment, under which the defendant in the injunction bill made title as the representative in the realty of the deceased, having been obtained by a citizen of another state, in the same circuit court.

But if any doubt could upon general principles be entertained upon this subject, we think it entirely removed by the 31st section of the judiciary act of 1789, ch. 20. That section provides that where, in any suit pending in the courts of the United States, either of the parties shall die before final judgment, the executor or administrator of such deceased party, who was plaintiff, petitioner or defendant, in case the cause of action doth by law survive, shall have full power to prosecute or defend any such suit or action until final judgment, and that the defendant shall be obliged to answer thereto accordingly; and the court before whom the cause is depending, is empowered and directed to hear and determine the same, and to render judgment for or against the executor or administrator, as the case may require. Other auxiliary provisions are made to carry this enactment into effect. Now, in this section, congress manifestly treat the revivor of the suit, by or against the representative of the deceased, as a matter of right, and as a mere continuation of the original suit; without any distinction as to the citizenship of the representative, whether he belongs to the same state where the cause is depending, or to another state. Of the competency of congress to pass such an enactment under the constitution, no doubt is entertained. The present case falls directly within its purview; and we are therefore of opinion, that the decree of the circuit court, dismissing the bill of revivor, ought to be reversed; and the cause remanded to the circuit court for further proceedings.

I take this opportunity of adding, that I fully concur in all the

[Clarke v. Mathewson et al.]

reasoning of this Court on this subject. After the decision had been made in the circuit court, upon more mature reflection I changed my original opinion; and upon my expressing it in the circuit court, and upon the suggestion of the judges of that court, the case has been brought here for a final determination. I hope that I shall always have the candour to acknowledge my errors, in a public manner, whenever I have become convinced of them.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Rhode Island, and was argued by counsel. On consideration whereof, it is now hereby ordered, adjudged and decreed by this Court, that the decree of the said circuit court, dismissing the bill of revivor in the cause, ought to be, and the same is hereby reversed; and that this cause be, and the same is hereby remanded to the said circuit court, for further proceedings to be had therein, in conformity to the opinion of this Court, and according to law.