Roberts agt. Nelson.

# U. S. CIRCUIT COURT.

## WILLIAM H. ROBERTS agt. RENSSELAER R. NELSON.

Where the petition to remove a cause from the state to the United States court, (after stating that one of the parties is a resident of another state), avers positively that the matter in dispute in the suit, and for which the suit is brought, *exceeds the sum of* $500, *exclusive of costs*, it makes a case directly within the 12th section of the act of congress of 1789. And the right of removal depends upon the facts as they exist when the suit is commenced.

Where, by the record in the state court, it must be held that the matter in dispute, when the suit was commenced, exceeded the sum of $500, exclusive of costs, and the cause is properly removed into the U. S. court, the *jurisdiction* of the latter court attaches, and having once attached, no subsequent event can divest it. Therefore, the reduction of the amount of the claim by the declaration filed in the U. S. court, cannot affect the question.

Where the plaintiff in his declaration, in the U. S. court, asserts, with other causes of action, a claim to recover *as assignee*, which he has no right to assert, in that court, it cannot be allowed to give him the right on his own motion, to send or remand the entire case back to the state court, and deprive the defendant of a right to a trial in the U. S. court, of the other causes of action.

Nor is it a ground for granting the motion to remand the entire suit to the state court that if the claim as assignee, be stricken out, the other claim will, with the interest, not amount to over $500, exclusive of costs ; as the jurisdiction of the U. S. court over the case having become complete when it was removed, cannot be ousted by the action of the plaintiff in inserting such a claim. Nor is the insertion of such a claim a ground for remanding so much of the case as concerns such claim.

*November*, 1870.

THIS action was originally commenced in the supreme court of the state of New York, by the personal service of a summons. The defendant petitioned the state court to have said action removed to the U. S. circuit court for trial under the law of congress passed in 1789, on the ground that the plaintiff was a citizen of New York state, and the defendant a citizen of the state of Minnesota, on default of plaintiffs, an order was obtained removing said action to the U. S. circuit court for trial. Subsequently a motion was made in the state court by plaintiff's attorney to open said

default, and that he be allowed to oppose the removal of said action on merits shown; on the hearing of this motion, the court held that as the removal appeared regular on its face, the state court had no further control of the action, and that a motion to remand should be made in the U. S. court. The plaintiff filed a declaration in the U. S. circuit court, for a cause of action in the plaintiff's own right, for goods sold and delivered by the plaintiff to defendant, and also a cause of action for goods sold and delivered by one Pierce to the defendant, and alleged that Pierce had been a citizen of the state of New Jersey since 1860, and that he had assigned said claim to the plaintiff. On this declaration and an affidavit reciting the same facts, the plaintiff made a motion in the U. S. circuit court, that said action be remanded to the state court from whence it came, claiming that the U. S. court had no jurisdiction in the suit:

I. Because the amount claimed in the summons was only " $330" and interest, from July 1st, 1858. This might or might not bring the recovery to over $500, but the amount claimed could not be said to be over $500. Interest is an indefinite amount, and may have been by agreement at much less rate than five per cent. No complaint was served before the removal. The declaration since filed is for only $230 and interest.

II. Because the second cause of action held by the plaintiff as assignee of a chose in action, and the assignor being a citizen of New Jersey, he could not have prosecuted said claim in this court. (*Ayres* agt. *West*, 48 *Barb.*, 132.)

(1). When both the plaintiff or his assignor and defendant are citizens of other states, the action should not be removed. (*Smith* agt. *Butler*, 38 *How.*, 192; See 2 *Abb.* 278, 415; *Shute* agt. *Davis*, *Pet. C. C.*, 431.)

(2). In order to give this court jurisdiction each distinct interest should be represented by persons all of whom are entitled to sue or may be sued in this court. (*Strawbridge* agt. *Curtiss*, 3 *Cranch.*, 267.)

III. That an assigned claim could not be thrown out of court by removal, and by excluding the assigned claim, the amount of plaintiff's individual claim with seven per cent. interest added is under $500. Therefore, this court would not entertain the trial of the action, and the same should be remanded.

The defendant claimed that the plaintiff could have entered judgment in the state court on default for an amount exceeding five hundred dollars, and that the U. S. circuit court had jurisdiction to try the assigned claim held by plaintiff.

R. S. GUERNSEY, *for plaintiff*.
E. H. HAWKE, *for defendant*.

BLATCHFORD, J.—This is a motion on the part of the plaintiff for an order remanding this suit to the supreme court of the state of New York. It was commenced in that court by the service on the defendant of a summons dated, August 1st, 1870, unaccompanied by the service or filing of a complaint. The summons is called on its face, a "summons for a money demand on contract." It notifies the defendant that a complaint will be filed, without specifying when, and requires him to answer it within twenty days after the service of the summons, and notifies him that if he shall fail to do so, the plaintiff will take judgment against him " for the sum of $330 25, with interest from July 1st, 1858, besides the costs of the action." The time for the defendant to appear or answer was extended by consent until October 15th, 1870. The defendant entered his appearance in the state court on the 14th of October, and at the same time filed therein a petition, praying for the removal of the suit into this court, and offered proper surety therefor. On the 17th day of October the state court, on such petition, entry of appearance and offer of surety, made an order stating that it was made to appear to the satisfaction of

that court, that an action was pending by a citizen of the state of New York against a citizen of the state of Minnesota, and that the matter in dispute exceeded the sum of $500, exclusive of costs, and ordering that such surety be accepted and that the suit be removed for trial into this court. The proceedings for removal were instituted under the provision of the 12th section of the act of September 24th, 1789. (*See U. S. Stat. at Large*, 79.) The petition presented to the state court by the defendant, stated that the matter in dispute in the suit, exceeded the sum of five hundred dollars exclusive of costs, and a copy of the summons was annexed to the petition. No proceedings other than the service of the summons took place in the state court prior to the filing by the defendant of the papers for removal. Copies of the process and the other papers in the suit were entered in this court, and subsequently the plaintiff filed a declaration in this court in the suit in *assumpsit*, in which he counts on an indebtedness due to him by the defendant, July 1st, 1858, amounting to $287 25, less a payment thereon of $100 April 16th, 1858, and also on an indebtedness due to one Pierce by the defendant, April 10th, 1858, for merchandize then sold by Pierce to the defendant, amounting to $43 25, and an assignment of such claim by Pierce to the plaintiff in 1867. The declaration claims to recover $230 50, and interest thereon, from July 1st, 1858, and avers that the plaintiff brought this suit in the supreme court of the state of New York by summons, and that an order was made in that court on the motion of the defendant transferring the same to this court. The declaration also states that the suit is brought by the plaintiff in his own behalf, and also in behalf of his assignor Pierce, " a citizen of the state of New Jersey, since the year 1860." After filing this declaration, the plaintiff now makes the motion to remand on an affidavit alleging that the declaration is for $187 25, and interest thereon from January 1st, 1859, and for the Pierce claim assigned

to the plaintiff, and interest thereon from July 1st, 1858 and that Pierce is not now and has not been since the year 1860, a citizen of the state of New York, but a citizen of the state of New Jersey.

One ground argued in support of the motion is, that the amount claimed in the summons was only $330 25, and interest from July 1st, 1858, that this amount could not be said to be over $500, that it might or might not have brought the recovery to over $500, and that the rate of interest might have been by agreement such as to have made the recovery less than over $500. The petition in the state court, avers positively that the matter in dispute in the suit, and for which the suit is brought, exceeds the sum of $500, exclusive of costs. This makes a case directly within the 12th section of the act of 1789. The right of removal depends upon the facts as they exist when the suit is commenced. The language of the section is that if " a suit be commenced," &c., " and the matter in dispute exceeds," &c. The plaintiff does not now assert that the matter in dispute when the suit was commenced, as shown by the summons did not exceed $500, exclusive of costs, or that the sum of $330 25, with interest from July 1st, 1858, to August 1st, 1870, did not amount to $500. On the record in the state court, it must be held that the matter in dispute exceeded, when the suit was commenced, the sum of $500, exclusive of costs. The jurisdiction of this court having once attached, no subsequent event could divest it. ( *Clarke* agt. *Mathewson*, 12 *Peters*, 164.) Therefore, the reduction of the amount of the claim by the declaration filed in this court cannot affect the question.

The second ground in favor of the motion to remand is, that this court is forbidden to take cognizance of this suit. The 11th section of the said act of 1789, provides, that this court shall not have cognizance of any suit to recover the contents of any chose in action in favor of an assignee, unless a suit might have been prosecuted therein to recover the

said contents, if no assignment had been made, except in cases of foreign bills of exchange. It is claimed that the debt of $43 25 is a chose in action; that a suit for it could not have been prosecuted in this court by the assignor, Pierce, a citizen of New Jersey, against the defendant a citizen of Minnesota, that this court has no cognizance of this suit so far as the debt for the $43 25 is concerned, and that, therefore, this court has no cognizance of any part of the suit. Admitting that this court has no cognizance of the suit so far as concerns the right to recover the amount due on the claim assigned by Pierce to the plaintiff, it by no means follows that it has no right to proceed in the suit in respect to the other claim. I think it has. The asserting by the plaintiff in his declaration of a right to recover the $43 25 in this court, in the suit when he has no such right, cannot be allowed to give him the right on his own motion to send the entire case back to the state court, and deprive the defendant of a right to a trial in this court, in respect of the other claim set up in the declaration. Nor is it a ground for granting the motion to remand the entire suit, that if the claim for the $43 25, be stricken out, the other claim, will with interest, not amount to over $500 exclusive of costs. The jurisdiction of this court over the case having been complete when it was removed, cannot be ousted by the action of the plaintiff in inserting such a claim in the declaration as the claim for the $43 25. Nor is the insertion of such claim a ground for remanding so much of the case as concerns such claim. If this court cannot give judgment for the plaintiff for such claim, he can sue to recover its amount in some proper court. If he does not desire to proceed in this court in respect to the other claim, he can discontinue the entire suit. But on the record, the defendant has a right now to retain the case in this court, and the motion to remand must be denied.