## SELAH DUSTIN *vs.* ASA D. DICKINSON, *et al.*

A commenced suit in the Circuit Court for the county of Wayne, against D and H. D. then resided in N. Y. and H in Wayne Co., Michigan. Pending the suit, H moved to Illinois. Defendants then apply, under Act of Congress approved March 2, 1867, to remove the cause to the U. S. Court. Application denied.

*Wayne Circuit, December,* 1870.

*Levi Bishop*, for Plaintiff.

*C. I. Walker*, for Defendant.

*By the Court*, PATCHIN, J.—This is a petition to remove the cause to the United States Court, on the ground that both defendants are *now* non-residents, under the law of Congress, approved March 2, 1867, which provides that " when a suit is now pending or may hereafter be brought in any State court in which there is controversy between a citizen of the State in which the suit is brought, and the citizen of another State, and the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs, such citizen of another State whether he be plaintiff or defendant, if he will make and file in such State court an affidavit, stating that he has reason to and does believe that from prejudice or local influence he will not be able to obtain justice in such State court, may at any time before the final hearing or trial of the suit file a petition in such State court for the removal of the suit" ; and by a prior law, upon the party presenting a petition, accompanied by a sufficient bond, it is made the duty of the State court to accept the surety and proceed no further in the cause.

At the commencement of the suit the defendant Dickinson was a resident of the State of New York, and the defendant Hodges, who is jointly liable as well as equally interested, was a resident of the City of Detroit, and within the jurisdiction of this Court, and remained so until the pleadings had been put in and the case placed upon the docket for trial for several terms, at some of which it was continued upon the motion of said Hodges. Afterward he removed to the State of Illinois, where he now resides.

The case has been once tried in this Court, and a new trial ordered by the Supreme Court, pending which this petition was filed. It will be seen that the law as it stands seems to intimate that no matter that a State court has acquired jurisdiction in the proper manner, and exercised it correctly almost to the close of the case, yet the defendant, finding that he is about to be defeated, may by filing the required affidavit (and it is not at all unusual for a defeated party to imagine that great injustice has been done) not only take away the

properly acquired jurisdiction of the State court, but to compel the United States Court to assume it without the consent of either.

But how much the well known rulings of the courts on this subject, together with the presumption that Congress always intends to pass wholesome and proper laws; will militate against this construction, is not necessary to consider in this case, for it is conceded that at the time of the commencement of the suit it could not be brought in the United States Court, the defendant, Hodges, being a resident of this State. At that time, clearly, the jurisdiction of this Court was complete, and not concurrent with any other. It has long since been established, and cannot now be questioned, that when the jurisdiction of a court of the United States had once attached, no subsequent change in the condition of the parties will oust it. (*See* 15 *How.* 198, and 12 *Peters*, 165 ; 2 *Wheat.*, 280, as well as a uniform line of cases on the subject.)

It seems to me to be the duty of the State courts to adopt the rule, thus firmly established in the United States, *at least* so far as to say that when the *sole* jurisdiction of the State court has once attached, no subsequent change in the condition of the parties will oust it.

I am of the opinion, therefore, that the case at bar does not come within the meaning of the law above referred to, and the petition should be denied.