UPTON and WILLIAMSON, TRUSTEES, vs. THE NEW JERSEY SOUTHERN RAILROAD COMPANY and others.

1. When the jurisdiction of a state court has once attached to a suit, no subsequent change in the condition or residence of a party can oust it, without express provision to that effect. Hence, the court refused an application to remove into a Federal court a suit brought by a citizen of this and a citizen of another state, against defendants, some of whom were citizens of this, and some, citizens of another state, made on the ground of the death of the non-resident complainant.

2. The fact that a bill prays an injunction, will not, without reference to the object and purpose of the bill, be regarded as of itself sufficient to bring the suit within the meaning of the words of the act of Congress of July 27th, 1866: "a suit brought, instituted, and prosecuted for the purpose of restraining or enjoining the defendant," and to afford a ground of removal into a Federal court, under that act.

---

On motion for order to remove the cause as to Jay Gould, one of the defendants, to the Circuit Court of the United States.

*Mr. W. J. A. Fuller*, of New York, for the motion.

*Mr. J. Vanatta*, contra.

THE CHANCELLOR.

Jay Gould, a citizen of New York, applies, under the act of Congress of July 27th, 1866, for an order removing this cause, as against him, into the Circuit Court of the United States. The suit was instituted by George B. Upton, then a citizen of Massachusetts, and Benjamin Williamson, then and now a citizen of this state. They were trustees of the bondholders, under a mortgage given by the Raritan and Delaware Bay Railroad Company (subsequently, by change of name, The New Jersey Southern Railroad Company,) of which, by this suit, they sought a foreclosure and the sale of the mortgaged premises. By order of the court, after an interlocutory decree *pro confesso* against all the defendants had been made, the complainants were directed to file a supplemental bill, in order to bring before the court all the parties in interest, in reference to certain property which the complainants claimed under the mortgage, but which claim was disputed. An original bill, in the nature of a supplemental bill, was accordingly filed in the cause, against Jay Gould and other persons, not before made defendants in the cause, some of whom were citizens of this state, and some of other states. After the filing of this bill, George B. Upton died, leaving Benjamin Williamson, his co-trustee, surviving. After the death of Mr. Upton, the application for removal was made. It is made under the act of Congress of July 27th, 1866, which provides that, "if in any suit already commenced, or that may hereafter be commenced, in any state court against an alien, or by a citizen of the state in which the suit is brought against a citizen of another state, and the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs, to be made to appear to the satisfaction of the court, a citizen of the state in which the suit is brought, is, or shall be, a defendant ; and if the suit, so far as relates to the alien defendant, or to the defendant who is the citizen of a state other than that in which the suit is brought, is, or has been instituted or prosecuted for the purpose of restraining or enjoining him ; or if the suit is one in which there can be a final determination of the controversy,

so far as it concerns him, without the presence of the other defendants as parties in the cause; then, and in every such case, the alien defendant, or the defendant who is a citizen of a state other than that in which the suit is brought, may, at any time before the trial or final hearing of the cause, file a petition for the removal of the cause as against him, into the next Circuit Court of the United States, to be held in the district where the suit is pending," &c. It was conceded on the argument, by the counsel of the applicant, that, until the death of Mr. Upton, the former could have made no claim to the right of removal, for the suit had been commenced by a citizen of another state, in conjunction with a citizen of this state.

In the case of *The Sewing Machine Companies,* 18 *Wall.* 553, (1873,) the court said, that where plaintiff and defendant are both citizens of a state other than that in which suit is brought, the acts of Congress make no provision for removal, and that if the act of 1866 be divested of the feature which provides for a severance of the defendants, and that which empowers the plaintiff to proceed with the suit in the state court as against the other defendants, the act is exactly the same as the corresponding feature of the judiciary act, except that it extends the time for filing the petition for the removal of the cause. The counsel of the applicant insists that, by reason of the death of Mr. Upton, whereby the action has become a suit between a citizen of this state alone, as complainant, and the applicant and others, some citizens of this, and some of other states, as defendants, he has become entitled to the right to remove the cause into the Federal court. Whether he is so or not, must depend on whether the accident of death entitles him to the right. Had the other trustee died, and Mr. Upton survived, that accident would have conferred no right of removal on the applicant. And, again, on this theory, if another trustee, a citizen of a state other than this, had been appointed in the place of Mr. Upton, and had been admitted as a complainant in the suit before the application for removal was made, the right to remove, which, it is insisted, was acquired by Mr. Upton's

death, would have been lost by such subsequent action. Juris-
diction does not depend on such accidents, nor, in my judg-
ment, does the right of removal. No change in the condition
or residence of the parties can take away a jurisdiction which
has once attached. In *Morgan's Heirs* v. *Morgan*, 2 *Wheat.*
290, one of the complainants in the original suit, which was
in the Circuit Court of Kentucky, removed to and settled in
that state, after the bill was filed, and it was insisted that,
therefore, the court could no longer entertain jurisdiction of
the cause, but ought to dismiss the bill. It was held that the
jurisdiction having once vested, was not devested by the
change of residence of either of the parties. In *Clarke* v.
*Mathewson*, 12 *Peters* 170, the question was, whether a bill
of revivor, filed by an administrator who was a citizen of
Rhode Island, against defendants, all of whom were citizens
of that state, could be maintained in the Circuit Court of the
District of Rhode Island. The intestate complainant in the
original suit, was a resident of Connecticut. It was held,
reversing the decree of the Circuit Court, 2 *Summ.* 262, that
the parties to the original suit were citizens of different states,
the jurisdiction of the court completely attached to the con-
troversy, and having so attached, it could not be devested by
any subsequent events. In *Mollan* v. *Torrance*, 9 *Wheat*
537, it was held that a plea to the jurisdiction of the Circuit
Court must show that the parties were citizens of the same
state at the time the action was brought, and not merely at
the time of plea pleaded. The court said : " It is quite clear,
that the jurisdiction of the court depends upon the state of
things at the time of the action brought, and that, after vest-
ing, it cannot be ousted by subsequent events." In *Dunn* v.
*Clarke*, 8 *Peters* 1, the complainants in the court below filed
their bill, praying for an injunction to a judgment recorded
against them in an action of ejectment, and to obtain a decree
for the conveyance of the land in controversy. All the com-
plainants were residents of Ohio, and so were the defendants.
The judgment had been obtained by a citizen of Virginia,
who had since died, and the defendant held under his will.

The court said, they entertained no doubt that jurisdiction of the case might be maintained so far as to stay execution on the judgment. The defendant was the representative of the plaintiff in the suit at law, and, although he was a citizen of Ohio, that fact could not, under the circumstances, deprive the court of an equitable control over the judgment ; that the Circuit Court had jurisdiction of the action at law, and no change in the residence or condition of the parties could take away a jurisdiction which has once attached ; that if the plaintiff in the action at law had lived, the Circuit Court might have issued an injunction to his judgment at law, without a personal service of process, except on his counsel, and as the defendant in the injunction suit was his representative, the court might do the same thing as against him ; that the injunction bill was not considered an original bill between the same parties as at law ; but if other parties were made in the bill, and different interests involved, it must be considered, to that extent, at least, an original bill ; and the jurisdiction of the Circuit Court must depend on the citizenship of the parties. Said the court, in *Kanouse* v. *Martin*, 15 *Howard* 198, 208 : " Without any positive provision of any act of Congress to that effect, it has long been established that, when the jurisdiction of a court of the United States has once attached, no subsequent change in the condition of the parties would oust it." In the case last referred to, it was held that, under the twelfth section of the judiciary act, a defendant had a right to remove an action from a state court to a Federal Circuit Court, if the sum demanded in the declaration exceeded $500, and that he could not be deprived of the right by an amendment reducing the sum, allowed by the state court after the right of removal was complete. *Gordon* v. *Longest,* 16 *Pet.* 97, is to the same effect. In *Wright* v. *Wells, Peters C. C. R.* 220, a cause was removed from a state court, and the plaintiff declared in the Circuit Court of the United States, laying his damages at $500. On rule to show cause why the suit should not be remanded to the state court, on a suggestion that the sum demanded was less than $500, the court, in

discharging the rule, said : " In this court, the plaintiff has laid his damages at five hundred dollars, which is sufficient for the jurisdiction of this court, and it cannot be ousted by the plaintiff's releasing so much of his demand as to reduce it below that sum."

The applicant's right to remove the cause does not depend on accident, but on the provisions of the law as applicable to the condition of the parties at the time of the commencement of the suit. If a removal should take place under the circumstances of this case, and after it had been effected, a citizen of a state other than this, should be appointed trustee and made complainant in the place of Mr. Upton, it is almost too obvious for remark that that would not affect the jurisdiction of the Circuit Court. The language of the act has direct reference to the commencement of the suit, and to the commencement alone. " If, in any suit already commenced, or that may hereafter be commenced in any state court, against an alien, or by a citizen of the state in which the suit is brought," &c. It will be seen that the act, by its very terms, applies to suits *commenced* against an alien or citizen of another state than that in which the suit is brought in the state court. It is not to be doubted that the time when a defendant is brought into a suit already commenced, is the time at which the suit is to be regarded as being commenced as to him. The act makes no provision for removal in case of a suit commenced by a citizen of the state in which the suit in the state court is brought and a citizen of another state against an alien, or a citizen of another state and a citizen or citizens of the first mentioned state. If Mr. Upton had, after the suit was commenced, removed from Massachusetts into, and become a citizen of New Jersey, this would not have given the applicant the right to remove the cause, for the suit would still have been a suit *commenced* by a citizen of New Jersey and a citizen of Massachusetts, and on the principles illustrated in the above cases, the question would not have been affected by such removal. *Morgan's Heirs* v. *Morgan, supra.* For the like reason the death

of that one of the two complainants, who was a citizen of Massachusetts, cannot affect the question of removal.

These considerations lead me to the conclusion that the applicant is not entitled to a removal of the cause. But there are other considerations conducing to the same result. The suit, so far as relates to the applicant, is not brought, nor is it nor has it been instituted or prosecuted, for the purpose of restraining or enjoining him within the meaning of the act. That, indeed, is one of the objects, but it is incidental merely. The main object of the bill as to him is clearly shown by the prayer, which is "that it may be decreed that the New Jersey Southern Railroad Company owed nothing to said Jay Gould when he became possessed of said one thousand six hundred and nineteen shares of stock, and to that end, that an account may be taken of his dealings with the said company and with its earnings and property, either through its directors or otherwise; and that it may be decreed that he acquired no title to said stock, and that his sale of said stock may be decreed to have been illegal and fraudulent and may be set aside; and that said James and Field may be decreed to have no valid title to said stock and to surrender the certificate thereof; and that the said steamboats "Jesse Hoyt" and "Plymouth Rock," may be decreed to be the property and part of the plant of the New Jersey Southern Railroad Company and subject to the lien of your orators' mortgage; and that said Jay Gould may be decreed to redeem the same from all maritime liens thereon and from any pretended sale thereof, and to return said steamboats within the jurisdiction of this court, to the end that they may be sold under the decree in this cause; and that for the same end, said Gould may be decreed to return within the jurisdiction of this court, two locomotive engines, one passenger car, thirty-three flat cars, and ten box cars, belonging to said last named company and covered by your orators' mortgage, and which were removed by and are now held by him on his said railroad in Delaware and Maryland; and that said locomotives and cars may be decreed to be subject to the lien of

your orators' mortgage; and that the said East End Hotel and the furniture and equipment thereof, may be decreed to be the property of and part of the plant of the said company, and not the property of Jay Gould or of any other person, and to be subject to the lien of your orators' mortgage."

It will be seen that the bill is not what is commonly known as an injunction bill, but is a bill for an account and for the delivery of certain property, real and personal, alleged to have been mortgaged to the complainants, and to have been wrongfully taken into possession and claimed by the applicant, and by him held or disposed of for his own benefit. The injunction prayed against him and the other defendants is incidental to the relief sought by the bill. Surely, the fact that a bill prays an injunction will not, without reference to the object and purpose of the bill, be regarded as of itself sufficient to bring the suit within the description contained in the act, and therefore to entitle it to be considered within the meaning of the act, a "suit brought, instituted and prosecuted for the purpose of restraining or enjoining the defendant." It is too obvious for elucidation, that there can be no final determination of the controversy in this suit, as far as it concerns the applicant, without the presence of the other defendants as parties in the cause. *Smith* v. *Rines*, 2 *Sumn.* 338.

Entertaining these views in reference to this application, I am constrained to refuse to make an order for removal.