FITZPATRICK and others *v.* DOMINGO.[*]

(*Circuit Court, E. D. Louisiana.*   November, 1882.)

1. REVIVOR.
     The revivor of a suit in equity by or against the representative of a deceased party, is a matter of right and a mere continuation of the original suit.
     *Clark* v. *Mathewson,* 12 Pet. 164, followed.

2. SAME—JUDICIARY ACT OF 1789—EQUITY RULE 56.
     The judiciary act of 1789 governs the federal courts in matters of revival, to the exclusion of the provisions of any state law on the subject, and equity rule No. 56 is declarative, not only of the practice of the court, but of the provisions of the statute.
     1 St. at Large, p. 90, § 31; Rev. St. 955.

*Albert Goldthwaite* and *A. Micou,* for plaintiffs.

*Chas. H. Lavillebeuvre,* for executor of defendant.

BILLINGS, D. J.   This cause is submitted on a demurrer to a bill of revivor.   The original bill was to obtain an accounting from the respondent, Jose Domingo, in behalf of the next of kin of his deceased wife, as to her estate.   The bill of revivor sets out the original bill, the pendency and progress of the suit, the death of the original respondent, the probate of his last will, the appointment and qualification of the executor, and then prays for a revival of the suit against the estate of Domingo by bringing in the executor.   It is not questioned that the cause of the action originally commenced against Domingo survives against his estate; but the point urged is that under the laws of Louisiana, in the courts of the state of Louisiana, all claims against the estates of decedents must be presented in the mortuary court.   But the question is here one of federal jurisdiction, to be determined by the statutes of the United States, and the provisions of "these statutes are," as Judge CONKLING, in his treatise, page 469, remarks, "very ample."

The judiciary act (1 St. at Large, p. 90, § 31) provides that in case the cause of action survives, and either party dies, the court before whom such cause may be depending is empowered and directed to

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

hear and determine the same, and to render judgment for or against the executor or administrator, as the case may require, and that such executor or administrator may be brought in by process, and the court may render judgment in the same manner as if he had appeared voluntarily.

In *Clarke* v. *Mathewson*, 12 Pet. 164, a bill had been filed by Wetmore, who subsequently died. Clarke was appointed administrator, and filed a bill of revivor. Both the administrator and the respondent were citizens of Rhode Island. The court held that both upon the settled rules of equity jurisprudence, and under the statute above referred to, "the revivor of a suit in equity by or against the representative of a deceased party was a matter of right and a mere continuation of the original suit." Rule 56 in equity is declarative, not only of the practice of the court, but of the provisions of the statute. The statute of Louisiana, in this respect, operates only upon her own courts, and cannot deprive this court of a jurisdiction already vested and expressly continued by an act of congress.

The demurrer is therefore overruled, with leave to answer by the next rule-day.

See *Vattier* v. *Hinde*, 7 Pet. 252; *Kennedy* v. *State Bank*, 8 How. 586; *Nevitt* v. *Clarke*, Olcott, 316.