GEORGE W. JACKSON, Inc., v. FRIESTEDT INTERLOCKING CHANNEL BAR CO. et al.

(Circuit Court, N. D. Illinois, E. D. February 15, 1908.)

No. 28,237.

PATENTS—SUIT FOR INFRINGEMENT—SUBSTITUTION OF PARTIES.

Where a complainant assigns his right under a patent pending suit for its infringement and after the expiration of the patent, his assignee is entitled to be substituted as complainant and to file an original bill in the nature of a supplemental bill, and the filing of such bill is not the institution of a new suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 472.]

In Equity. On demurrer to original bill in the nature of a supplemental bill.

Thomas F. Sheridan, for complainant.

John G. Elliott, for defendant.

KOHLSAAT, Circuit Judge. This cause is before the court on demurrer to original bill in the nature of a supplemental bill. The original cause was for an injunction to restrain infringement of patent No. 500,780. After the patent had expired, complainant above named was substituted for the original complainant. The demurrer is based upon the proposition of law that the transfer of complainants by the original bill in the nature of a supplemental bill constituted a new suit in effect; that, having been effected after the patent expired, it would, if allowed to stand in the place of the original bill, result in depriving the defendant of his right to have his liability tested in a suit at law—citing Hewitt v. Penn. Steel Co. (C. C.) 24 Fed. 367; Miller's Heirs v. M'Intyre, 6 Pet. 61, 8 L. Ed. 320. In the former case, only a one-half interest in the patent was brought in under the original bill. After the patent had expired, it was sought to bring in the party representing the other half interest. The court there held that it did not acquire jurisdiction of the cause until all the parties were brought in, which in that case was not done until after the patent had expired; citing Gaylor v. Wilder, 10 How. 494, 13 L. Ed. 504, and Blanchard v. Eldredge, 1 Wall. Jr. 339, Fed. Cas. No. 1,510, and that until all parties were before the court, no case was presented; that the only remedy

was at law. In the latter case the Supreme Court held that new parties could not be affected by proceedings had while they were strangers thereto, and while their interests were not before the court. These authorities, however, cannot be held to sustain defendants' position here. When the substitution was made, as well as when suit was begun, all parties in interest in the patent were before the court. There is no question but that a complete case was before the court.

The question here is solely as to the effect of substituting one complainant for another; the cause of action remaining the same. At page 39 of volume 21, Encyclopedia of Pleading and Practice, note, it is said:

"An original bill in the nature of a supplemental bill by a party who has acquired the plaintiff's title by transfer from him pendente lite is not, in a proper sense, the commencement of an original suit, but is rather a mere continuation of the suit. * * *"

Judge Woods, speaking for the Court of Appeals for the Seventh Circuit in Ross v. City of Ft. Wayne, 63 Fed. 466, 11 C. C. A. 288, held that where a complainant assigns his rights under a patent pending suit, and after the expiration of the patent, his assignee is entitled to be substituted as complainant and to file an original bill in the nature of a supplemental bill. It was decided in Clarke v. Mathewson, 12 Pet. 164, 9 L. Ed. 1041, that the administrator of a deceased plaintiff could bring suit in the federal court to revive the suit, notwithstanding no diversity of citizenship existed.

From these authorities it follows that the demurrer is not well taken, and it is accordingly overruled.