PIERRE BARRIBEAU AND EUPHRASIE T. PERRY, APPELLANTS, *v.* JOSHUA B. BRANT.

Where the death of a party complainant was suggested at December term, 1851, of this court, and his legal representatives did not appear by the tenth day of this term, the bill must, as to him, be entered, abated under the 61st rule of this court.

As to the other complainant, the allegation that a deed which she executed ought to be set aside, upon the ground of fraud and misrepresentation, and inadequacy of price, is, not sustained by the evidence.; nor is the allegation that she was a joint-tenant, and not a tenant in common, sustained by a construction of the deed.

Where the complainant, after filing his bill, conveyed all his interest to a trustee, and died pending an appeal which he took to this court, the trustee cannot be permitted to be made a party to the proceedings in this court. The only persons who can appear in the stead of the complainant, are those who, upon his death, succeed to the interest he then had, and upon whom the estate then devolves.

This was an appeal from the circuit court of the United States for the district of Missouri.

The case is stated in the opinion of the court.

It was argued by *Mr. Bradley*, for the appellants, and by *Mr. Lawrence*, for the appellees.

The argument consisted, upon both sides, in the application of well-established principles of law to the facts in the case, as disclosed by the evidence. There being no principle of law disputed, it is not necessary to state the contradictory testimony which furnished the basis of the respective arguments.

Mr. Chief Justice TANEY delivered the opinion of the court.

This is an appeal from the decree of the circuit court of the United States for the district of Missouri, sitting as a court of Equity.

The case is this: Pierre Barribeau was seised in fee-simple of a lot of ground in the town of St. Louis; and, by deed dated May 8, 1829, conveyed it to Joseph White, in trust for the grantor, during his life, and after his death for his two sons. Adrian and Pierre, and his adopted daughter, Euphrasie, who had grown up in his family.

After the death of the grantor, his sons, Adrian and Pierre, and White, the trustee, joined in a deed to Brant, the appellee, for all the interest of the two sons in the lot. But at the time this deed was made, Pierre had not attained the age of twenty-one years. Subsequently, however, he executed a deed of confirmation, and in that deed professed to convey two undivided third parts of the premises.

Euphrasie, the adopted daughter, executed a deed to Amaranth Loiselle, purporting to convey the whole of this lot. And, afterwards, she and Amaranth made separate deeds, on the same day, to Samuel Merry, for her third part of the premises; and Merry afterwards conveyed to Brant. If, therefore, the several deeds above mentioned are valid, Brant is entitled to the whole lot.

Adrian died intestate, and without issue. And, after his death, Pierre and Euphrasie filed this bill, charging that all of the deeds made by them respectively, and by Adrian in his lifetime, were obtained by misrepresentation and fraud; that they were illiterate, and did not understand the object and effect of these instruments when they were executed; and that the consideration paid was far below the real value of the property. The bill further charged that Pierre was still under the age of twenty-one when he made the deed of confirmation.

The answer of Brant denies all fraud and misrepresentation, and avers that the parties were perfectly aware of the contents of the several instruments when they were executed, and that the price was a fair one, according to the value of the property at that time; and that Pierre was of full age when he made the deed of confirmation.

Many witnesses were examined by the parties in support of their respective allegations, and, at the final hearing, the bill of the complainants was dismissed by the circuit court. And from this decree the complainants have brought this appeal.

It would be tedious and useless, in this opinion, to go into an examination of the testimony given by the different witnesses. Much of it has very little if any bearing upon the question in dispute. It is very evident, indeed, that the complainants were

illiterate and weak-minded. But there is abundant proof that they were perfectly aware of the contents of the several instruments, and of the object and purpose for which they were executed. And, although the prices paid for the different interests were undoubtedly very moderate; yet they were not so inadequate as to authorize the court to declare the deeds void on that ground. The inadequacy must be tested by the value of the property at the time of the sales, and not by its present value. The first deed from the two Barribeaus and White to the respondents, was made September 3, 1833. The deed of confirmation from Pierre, August 7, 1836; and the deeds from Euphrasie, and Amaranth Loiselle to Merry, February 1, 1836. The complainants did not seek to disturb these conveyances, or take any measures to impeach them, until March 20, 1849, when this bill was filed, and when property in St. Louis was greatly enhanced in value, as compared with its value in 1833 and 1836. It is, perhaps, the great increase in the value of this property between the time of the several sales and the time of filing this bill, that has led to this controversy. But upon the evidence in the record, we think the charge of fraud and misrepresentation is not sustained; and that there is sufficient proof, that Pierre was of full age at the time the deed of confirmation was executed.

It has been contended, on the part of the complainants, that under the deed from Pierre Barribeau, the elder, to White, the three *cestui que trusts* took a joint interest, and that, upon the death of one or more of them without lawful issue, the share of the deceased was limited over to the survivors or survivor. And as Adrian died before the filing of the bill, and Pierre has died pending this appeal, and both of them without lawful issue, Euphrasie, the surviving complainant, claims the entire lot, by virtue of the limitations over in the deed of trust. And if this be the construction of the deed, she is entitled to a decree for the shares of the two sons, although she has sold and conveyed her own one third, as above stated.

But this construction cannot be maintained. The trust deed, it is true, is unskilfully drawn. But is very clear, upon the whole instrument, that an equitable interest, as tenants in common in fee-simple, was secured to them by the deed; and that their conveyances, together with that of the trustee, passed the whole interest, legal and equitable, to the respective purchasers.

It appears that shortly after this bill was filed, Pierre, the complainant, conveyed all his interest in the property to Benjamin A. Massey, in trust for a natural daughter, born of an Indian mother, and living in the Indian country; and a motion has been made to make him a party in this court, as the representative of Pierre.

The decision of this motion, either way, could have no influence upon the rights of the parties. For as the court is of opinion that the deed of confirmation made by Pierre was valid, and conveyed his one third to the appellee, the decree in the court below dismissing the bill, must be affirmed, even if Massey was permitted to appear.

But in this stage of the proceedings he cannot be permitted to become a party, as the representative of Pierre. The bill was filed by Pierre, and this appeal taken by him. He has died pending this appeal; and the only persons who, upon principles of law and the rules of this court, can be permitted to appear in his stead, are those who, upon his death, succeed to the interest he then had, and upon whom the estate then devolves.

But the interest of Massey was acquired in the lifetime of Pierre, and no new interest accrued to him upon Pierre's death; and if he desired to become a party, in order to maintain his rights as trustee, he should have applied for leave to become a complainant while the case was pending in the circuit court. The estate has not devolved upon him by the death of Pierre, and he has the same interest now which he had upon the execution of the deed; and has no greater right to become a party here, after Pierre's death, than he had before.

In the opinion of the court, therefore, as Pierre's death was suggested at December term, 1851, and his legal representatives have not appeared by the tenth day of this term, the bill must, as to him, be entered, abated under the 61st rule of this court. And, as regards Euphrasie, the other complainant, it must be dismissed, with costs.

### *Order.*

This cause came on to be heard, on the transcript of the record, from the circuit court of the United States for the district of Missouri, and was argued by counsel. On consideration whereof, it is now here ordered and decreed, by this court, that this appeal, as to Pierre Barribeau, be, and the same is hereby, abated, pursuant to the 61st rule of this court; and it is further ordered and decreed that this appeal, as to Euphrasie T. Perry, be, and the same is hereby dismissed, with costs.