ROSS v. CITY OF FT. WAYNE.

(Circuit Court of Appeals, Seventh Circuit. October 1, 1894.)

No. 147.

1. PATENTS FOR INVENTIONS—INFRINGEMENT—EQUITY JURISDICTION.
   Where a suit to restrain the infringement of a patent and to recover damages therefor is begun about two months and a half before the patent expires, the expiration of the patent before any preliminary injunction has been applied for does not deprive the court of jurisdiction of the case to award damages.

2. SAME—ASSIGNMENT AFTER EXPIRATION OF THE PATENT.
   Where the complainant in such suit assigns his rights under the patent pending suit, but after expiration of the patent, his assignee is entitled to be substituted as complainant, and to file an original bill in the nature of a supplemental bill. 58 Fed. 404, reversed.

Appeal from the Circuit Court of the United States for the District of Indiana.

Suit by Isaac C. Walker against the city of Ft. Wayne to restrain the alleged infringement of a patent. Nathan O. Ross was substituted as plaintiff, and filed a supplemental bill. A demurrer thereto was sustained (58 Fed. 404), and Ross appeals.

On the 21st of April, 1892, Isaac C. Walker brought in the court below his bill of complaint against the city of Ft. Wayne, Ind., alleging infringement of reissued letters patent No. 6,831, issued January 4, 1876, in lieu of original letters No. 165,438, granted July 13, 1875, to Robert Bragg, showing adjudications of the validity of the patent, and praying a discovery, injunction, and damages. At the ensuing May term of the court, on May 5, 1892, the defendant filed a plea, which, besides the special matters al-

leged, contained the averment, equivalent to the general issue, "that said city has never caused to be made, used, or sold, or contemplated the making, use, or sale of any such device as set forth in plaintiff's bill, or its plea herein, nor any device similar to that in plaintiff's bill;" and for a second plea it was alleged "that at the commencement of this suit the patent in the bill set forth was not owned and held by the complainant alone, but was owned and held jointly by the complainant, the Hon. N. O. Ross, of Logansport, Ind., Edward C. Egan, and Atwater J. Treat of Indianapolis, Ind., and others to defendant unknown, in and of the state of Indiana." No further step was taken until the ensuing term of court, when, on November 4, 1892, the appellant, Nathan O. Ross, moved in writing, supported by affidavit, "for leave to file herein the bill, in the nature of a supplemental bill, herewith exhibited," and that he be substituted as complainant, with leave to prosecute the cause in his own behalf and in behalf of the equitable interests recited in the bill, and have the benefit of all proceedings theretofore had in the case. By that affidavit, as well as by the averments of the proffered bill, it appears that, when the suit was commenced, Walker held the legal title of the letters patent in trust for himself, Ross, and three others, and that afterwards, September 14, 1892, with the consent of all of the beneficiaries, Walker transferred his entire right, title, and interest in the patent, and in all rights of action for infringement thereof, and in all rights of whatsoever kind in respect thereto, held by him, to Ross, who thereby acquired the legal title and all rights of action; taking for himself a five-eighths beneficial interest, and for each of the other beneficiaries (Shirk, Egan, and Treat) a one-eighth interest. Over objection by the defendant, Ross was substituted for Walker as plaintiff, and leave given him to file, as it is called in the order, "An Amended and Supplemental Bill," and the bill proposed was then filed. It contains the substance of an original bill in the nature of a supplemental bill. Ten days later the defendant moved the court to set aside this order, and to strike the bill from the files, and, that motion having been overruled, demurred. The court sustained the demurrer on the ground that, the term of the patent having expired, the assignment by Walker to Ross vested the latter only with the right to recover damages for past infringements in a suit at law, and gave him no standing to prosecute the pending suit in equity. Upon this point the opinion of the court, reported in 58 Fed. 404, 407, is as follows:

"The important and difficult question is whether the present plaintiff can maintain his bill on the equity side of the court. It is elementary that a party who has a plain, adequate, and complete remedy at law cannot successfully invoke the jurisdiction of a court of equity. The original plaintiff brought suit about two and a half months before the term of his patent expired. He prayed for an injunction in his bill, but took no steps to procure a temporary restraining order or to bring the suit to a hearing while he remained the party of record. While an application for a temporary restraining order might have been made before the term of his patent expired, yet, according to the course of procedure of the court, it would have been impracticable to have prosecuted the suit to final hearing and decree within that time. When the patent has expired, and the entire claim of the plaintiff against the defendant rests upon the infringing acts performed during the term, an action on the case for the recovery of damages generally affords a complete redress, and the only one to which the plaintiff is entitled. Consolidated Safety-Valve Co. v. Ashton Valve Co., 26 Fed. 319; 3 Rob. Pat. § 1092. An adequate remedy at law exists in favor of the owner of the patent, against the infringer, whenever the sole relief required is compensation for past injury, provided the remedy can be afforded without equitable aid. When the plaintiff has chosen to seek his recompense for the enjoyment of his invention through an established license fee, and the infringing acts raise an implied acceptance of the offer, the sum which the plaintiff is entitled to recover is certain and fixed, and the remedy at law is adequate, and a court of equity is without jurisdiction; and, where the plaintiff has a mere right to the recovery of damages for past infringements, equity is without jurisdiction. Ulman v. Chickering, 33 Fed. 582; Burdell v. Comstock, 15 Fed. 395; Root v. Railroad Co., 105 U. S. 189;

Spring v. Sewing-Mach. Co., 13 Fed. 446; Jenkins v. Greenwald, 2 Fish. Pat. Cas. 37, Fed. Cas. No. 7,270; Hayward v. Andrews, 12 Fed. 786.  Where the bill is filed too late for a temporary injunction to issue before the expiration of the term secured by the patent, and the recovery of damages would afford adequate relief, jurisdiction in equity does not exist.  Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217; Mershon v. Furnace Co., 24 Fed. 741; Davis v. Smith, 19 Fed. 823; Burdell v. Comstock, 15 Fed. 395; Racine Seeder Co. v. Joliet Wire Check Rower Co., 27 Fed. 367. It has been held that a bill filed four days before the patent expired should be dismissed. Mershon v. Furnace Co., supra.  Where a bill is filed five days before the expiration of the term, and no effort is made to obtain an injunction, the prayer for injunction will be held as a mere pretext, and the case not of equitable cognizance.  Burdell v. Comstock, supra.  In Racine Seeder Co. v. Joliet Wire Check Rower Co., supra, where the bill was filed about two months before the patent expired, the court expressed grave doubt whether, under the rule in Root v. Railroad Co., 105 U. S. 189, jurisdiction in equity existed, and resolved the doubt by dismissing the bill without prejudice to an action at law.  While it is certainly true that, if a bill in equity to restrain the infringement of letters patent is properly filed before the expiration of the term, the jurisdiction of the court is not defeated by the mere expiration of the patent by lapse of time before the final decree (Beedle v. Bennett, 122 U. S. 71, 7 Sup. Ct. 1090), yet where a bill is filed shortly before the expiration of the patent, and no application for a restraining order is made, and from the nature of the infringing acts complained of it is apparent that an action on the case would afford adequate relief, the bill ought to be dismissed.  It is not necessary to determine whether the bill filed by Walker ought to have been dismissed, in the view that is taken of the rights of the present plaintiff.  His rights were acquired by an assignment two months after the patent had expired.  It is true that the bill states that the improvement secured by the patent was transferred, but, as the patent had already expired, nothing remained capable of assignment, except the mere right of action for the recovery of damages for past infringements.  If the present plaintiff had filed an original bill to enforce his rights acquired under the assignment, made, as it was, after the expiration of the patent, a court of equity could not have entertained jurisdiction.  He filed, nearly four months after the patent had expired, an original bill in the nature of a supplemental bill, exhibiting a right to recover damages for past infringing acts acquired under an assignment made two months after the expiration of the patent.  By such assignment the plaintiff acquired the right to recover damages only for past infringements, because the patent right—the franchise— was incapable of transfer, since it had ceased to exist.  Walker had no vested right in the remedy, which he could sell and assign to the present plaintiff. For the recovery of damages for past infringements, which alone passed to the assignee, an action at law afforded the plaintiff adequate redress, and, in my judgment, the only redress to which he is entitled."

Robert H. Parkinson, for appellant.

S. R. Alden and W. H. Shambaugh, for appellee.

Before WOODS and JENKINS, Circuit Judges, and SEAMAN, District Judge.

WOODS, Circuit Judge (after stating the facts).  In Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, the suit was upon a patent which had 15 days only to run when the bill was filed; no special ground for equitable relief was shown, except the prayer for an injunction; and though, by the rules of the court, only four days' notice of an application was required, it does not appear that an injunction or restraining order was asked for; yet the jurisdiction was upheld, the court saying that, "if the case was one for equitable relief when the suit was instituted, the mere fact that the ground

for such relief expired by the expiration of the patent would not take away the jurisdiction, and preclude the court from proceeding to grant the incidental relief which belongs to cases of that sort;" and a number of decisions are cited to show that this has often been done in patent cases. In Beedle v. Bennett, 122 U. S. 71, 7 Sup. Ct. 1090, where the suit was upon a patent which expired by its own limitation after the filing of the bill and before final decree, it is said that "as the patent was in force at the time the bill was filed, and the complainants were entitled to a preliminary injunction at that time, the jurisdiction of the court is not defeated by the expiration of the patent by lapse of time before final decree." See, also, American Bell Tel. Co. v. Brown Tel. & Tel. Co., 58 Fed. 409; American Bell Tel. Co. v. Western Tel. Const. Co., Id. 410. When this suit was commenced, the patent in question had two months and twenty-two days to run. It was therefore clearly within the power of the court to grant a temporary injunction, if not to enter a final decree, before the patent should expire; and though no restraining order was issued, or perhaps could have been after the patent had expired, jurisdiction of the case was not lost on that account.

Other objections to the original bill are urged, which are not tenable, or at least are not now available. A brief consideration of them will be enough.

The city of Ft. Wayne, respondent, is located in Allen county, Ind., but is described in the bill as "located in the county of Vigo;" and upon that ground it is contended that the suit, as begun, was against another party, and that an amendment of the bill was necessary to make it a suit against the respondent. The erroneous statement in respect to the location of the city was simply a matter of misdescription, not affecting or, at most, not determinative of the identity of the party. The fact that Ft. Wayne is in Allen county is probably a matter of judicial cognizance, notwithstanding the averment of the bill; but, to say the least, the respondent, having made a full appearance and pleaded to the merits of the bill, has waived the objection, and also the objection that the original complainant had an adequate remedy at law. Kilbourn v. Sunderland, 130 U. S. 505, 9 Sup. Ct. 594.

Walker was competent to prosecute the suit in his individual name, either upon the averments of his own bill, which showed him to be the holder of the legal title to the patent, or upon the bill of Ross, which shows that he held the title for the benefit of himself and others, of whom Ross was one, "with full power to maintain suit to recover for infringement, and to take all steps proper and necessary for the protection and enforcement of the rights, legal and equitable, held under said letters patent."

In Carey v. Brown, 92 U. S. 171, it is said:

"The general rule is that in suits respecting trust property, brought either by or against the trustees, the cestuis que trust, as well as the trustees, are necessary parties. Story, Eq. Pl. § 207. To this rule there are several exceptions. One of them is that where the suit is brought by the trustee to recover the trust property, or to reduce it to possession, and in no wise affects

his relation with his cestuis que trust, it is unnecessary to make the latter parties. Horsley v. Fawcett, 11 Beav. 569, was a case of this kind. The objection taken here was taken there. The master of the rolls said: 'If the object of the bill were to recover the fund, with a view to its administration by the court, the parties interested must be represented. But it merely seeks to recover the trust moneys, so as to enable the trustee hereafter to distribute them agreeably to the trusts declared. It is therefore unnecessary to bring before the court the parties beneficially interested.' Such is now the settled rule of equity pleading and practice."

And in Kerrison v. Stewart, 93 U. S. 155, 160:

"It cannot be doubted that under some circumstances a trustee may represent his beneficiaries in all things relating to their common interest in the trust property. He may be invested with such powers and subjected to such obligations that those for whom he holds will be bound by what is done against him, as well as by what is done by him. The difficulty lies in ascertaining whether he occupies such a position, not in determining its effect if he does. If he has been made such a representative, it is well settled that his beneficiaries are not necessary parties to a suit by him against a stranger to enforce the trust (Shaw v. Railroad Co., 5 Gray, 171; Bifield v. Taylor, Beatty, 91; Campbell v. Railroad Co., 1 Woods, 376, Fed. Cas. No. 2,366; Ashton v. Atlantic Bank, 3 Allen, 220); or to one by a stranger against him to defeat it in whole or in part (Rogers v. Rogers, 3 Paige, 379; Wakeman v. Grover, 4 Paige, 34; Winslow v. Railroad Co., 4 Minn. 317 [Gil. 230]; Campbell v. Watson, 8 Ohio, 500). In such cases the trustee is in court for and on behalf of the beneficiaries; and they, though not parties, are bound by the judgment, unless it is impeached for fraud or collusion between him and the adverse party."

See, also, Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894; Rude v. Westcott, 130 U. S. 152, 9 Sup. Ct. 463.

Ross, it follows, having succeeded to the title and entire interest of Walker, was properly admitted as complainant, and was entitled to continue the prosecution of the suit, unless, by reason of the expiration of the patent, it was necessary that this suit should abate or be dismissed, and all subsequent remedies be sought in a court of law. Walker, having parted with all interest, and, with the consent of the other parties concerned, having divested himself of any trust in their favor, could not prosecute the suit further, and abatement was inevitable unless a new plaintiff could be substituted. The right to introduce new parties, or to substitute one party for another, in equity, when there has been a change of interest pending the suit, is so well recognized that the books treat not so much of the right as of the method of accomplishing the substitution. It is done either by a supplemental bill, or by an original bill in the nature of a supplemental bill,—the former being applicable properly to those cases where the same parties or the same interests remain before the court, while the latter "is properly applicable when new parties, with new interests arising from events since the institution of the suit, are brought before the court." Story, Eq. Pl. § 345. If a complainant, suing in his own right, parts with less than his entire interest, or if he is deprived of his entire interest but he is not the sole complainant, the defect in either case may be supplied by means of a supplemental bill. Id. §§ 346–348. But if a sole complainant suing in his own right is deprived of his whole interest, as in the

case of bankruptcy, or if he assigns his whole interest to another, he is no longer able to prosecute the suit, for want of interest, and the assignee may be made complainant in his stead; but, as the title of the latter may be litigated, the substitution must be accomplished by means of an original bill in the nature of a supplemental bill. Id. § 349; 2 Daniell, Ch. Pl. & Pr. c. 33. The dispute here, however, is not over the general rule. The contention is that, as the patent in this case had expired before Walker's transfer to Ross, nothing remained which was capable of assignment, except the mere right of action for past infringements; that the patent right was incapable of transfer, since it had ceased to exist; and that Walker had no vested right in the remedy, which he could sell and assign to the present plaintiff. Broadly stated, that means that a complainant in equity may not transfer to another his interest in the subject-matter of the contest, and confer upon the assignee the right to prosecute the suit to a decree upon the merits, if, by reason of events subsequent to the bringing of the suit, the controversy has so changed as to be the subject only of an action at law. The serious consequences of such a restriction upon the right of a complainant to sell his interest in the subject-matter of litigation, and to have the purchaser substituted as complainant, are obvious. In every such instance an assignment by a sole complainant, or by all of the complainants, to a stranger, would be followed necessarily by a dismissal of the suit at the complainant's costs. If in a federal court, and the jurisdiction dependent on citizenship, the assignee might be compelled to go with his case at law into a state court; and if, pending the suit in equity, the right of action at law should have become barred by the lapse of time, the complainant, whatever his original equities, might as well abandon his case as attempt a transfer, which could benefit no one but his adversary in the litigation.

No authority directly in point upon the question has been cited, or has come under our observation, but an analogous question has been determined in numerous cases where the jurisdiction, dependent originally upon diverse citizenship, has been maintained notwithstanding changed relations of the parties, which, if existing at the beginning, would have made jurisdiction impossible. A bill of revivor, for instance, may be brought by one who could not have brought the original suit. Clarke v. Mathewson, 12 Pet. 164. And supplemental or ancillary proceedings, though between parties of whom the court in the first instance could not have taken jurisdiction, are treated as dependent upon the suits out of which they grew. Freeman v. Howe, 24 How. 450; Minnesota Co. v. St. Paul Co., 2 Wall. 609; Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27; Root v. Woolworth, 150 U. S. 401, 14 Sup. Ct. 136. If, in this case, after the expiration of the patent, Walker had died, it is clear that the suit could have been revived and prosecuted in the name of the legal representative (Clarke v. Mathewson, supra), or in case of bankruptcy the assignee, by means of a supplemental bill, could have taken the benefit and control of the proceedings; and we think it equally regular, where the complainant has made a voluntary transfer of his title and in-

terest to one who is a stranger to the suit, that the latter shall be admitted into the place of the original complainant. The substitution of Ross as complainant, we think, would have been proper if Walker, besides holding the legal title, had owned the entire beneficial interest in the patent. Ross and the others beneficially interested, upon a full statement of the facts, would have been proper, though not necessary, co-complainants in the original bill. If they had been, and there had been the same transfer of interest which is shown to have occurred, a supplemental bill only would have been necessary in order to dismiss Walker from the record, and to enable the others interested to prosecute the suit; but Walker having brought the suit as if in his own right alone, and having transferred his interest and title to Ross, it was necessary and proper that the latter should come in under an original bill in the nature of a supplemental bill, and having done so he is, in our opinion, entitled to prosecute the action to the end, as if he had begun it. The decree below, therefore, should be reversed, and the order sustaining the demurrer to Ross' bill set aside, and it is so ordered.