---

MILLER et al. v. WATTIER.

(Circuit Court, D. Oregon. June 22, 1908.)

No. 1,123.

1. COURTS (§ 339*)—FEDERAL COURTS—CONFORMITY TO STATE PRACTICE—REVIVAL OF SUIT.

There is no statute of limitations against an application to revive a suit in a federal court of equity after the death of parties, nor is the right governed by local statutes, and it is seldom denied on the ground of laches if any right is shown.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 339.*]

2. ABATEMENT AND REVIVAL (§ 75*)—DEATH OF PARTY—REVIVAL—APPLICATION.

Pending a suit to enjoin the flooding of land owned by complainant by a dam, all parties thereto died, complainant having conveyed the land by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

deed to his daughter and heir at law. and the ownership of the dam having descended to defendant's heirs at law. Held that, by complainant's conveyance of his interest, the suit became defective even in his lifetime, rendering a substitution of parties complainant necessary, and by the death of defendant it abated, and that a bill of revivor and supplement was the proper procedure to revive it, and for substitution of parties.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. § 446; Dec. Dig. § 75.*]

On Petition for Revival and Substitution of Parties.

W. H. Holmes and Webster Holmes, for petitioner, Wanna Stuart, successor to plaintiffs.

Williams, Wood & Linthicum and George G. Bingham, for defendant heirs of Vallier Wattier.

WOLVERTON, District Judge. This cause came here originally by removal from the circuit court for Marion county, Or.; the transcript being filed March 27, 1885. A motion to remand to the state court was denied June 17, 1885. 24 Fed. 49.

It is unnecessary to notice the pleadings in detail. It is sufficient to observe that, by their complaint, the plaintiffs sought to enjoin the defendant from maintaining a dam on Little Pudding river, in Marion county, upon the ground that it caused the water to flow back upon plaintiffs' lands, to their injury. Since June 17, 1885, when the order denying the motion to remand was made, no step has been taken to prosecute the suit, which remained dormant until May 27, 1907—a lapse of 22 years—when one Wanna Stuart appeared and filed a "motion and petition," in which she asks that the "cause of suit mentioned in the amended complaint herewith proposed to be filed be revived," and that she be substituted as the sole plaintiff in the suit. In this proposed amendment she alleges that she is the sole surviving heir at law of William P. Miller; that subsequent to the commencement of this suit John F. Miller conveyed all his interest in the subject-matter thereof to William P. Miller; that thereafter, on May 17, 1895, William P. Miller conveyed to the petitioner, and that she is now the sole owner thereof; that William P. Miller died on the 25th of September, 1895; that John F. Miller died on the 19th day of February, 1901; and that Vallier Wattier, the original defendant, died on September 19, 1901. She further sets up that Josephine Holland, William Wattier, and four others are the sole heirs at law of Vallier Wattier, and have succeeded him in the ownership of the dam sought to be abated. These persons she asks to have substituted as defendants in the place of their ancestor, and that, with the new personnel as it respects both plaintiffs and defendants, the cause be proceeded with. All the original parties to this suit, both plaintiffs and defendant, have been dead since September 19, 1901, now nearly seven years, and in this condition of the record it is sought, by this latest proceeding to have the suit revived, and continued with an entire change of parties, both plaintiff and defendant. The proposed defendants resist the petitioner's effort to so proceed, and have filed a motion praying the court

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to deny the application to revive the cause, urging numerous objections thereto; the principal points being (1) that petitioner is barred by laches, and (2) that she can have no such substitution as she seeks.

It is not necessary to notice at length the first ground of objection, as it might be were the petitioner regularly in court and that defense presented as a bar to relief on the merits. The question of laches could hardly be relevant, except in the view that the petitioner was in default and appealing to the court for leave to come in as a matter of grace. The court would then be at liberty to scrutinize the proposed amended complaint for the purpose of ascertaining whether her cause of suit is stale, or the complaint destitute of equity, and, if found to be so, to deny her application upon that ground. But substitution or revivor is seldom denied, under the fifty-sixth and fifty-seventh rules in equity, if the party applying therefor shows any right to the order. There is no statute of limitations against such an application in the chancery courts of the United States; nor is the right to revive the suit governed by local state statutes. The right and the procedure seem to be governed entirely by the equity rules and the practice in the courts of the United States. In re Connaway, as Receiver of the Moscow National Bank, 178 U. S. 421, 433, 20 Sup. Ct. 951, 44 L. Ed. 1134; Dillard's Adm'r v. Central Virginia Iron Co. (C. C.) 125 Fed. 157, 159; Brown v. Fletcher (C. C.) 140 Fed. 639. Besides, as it relates to the question of substitution, the objection of laches does not appeal strongly for consideration in the absence of a statute, for it seems that the defendant was neglectful as well as the plaintiffs in not applying long ago for a dismissal of the suit for want of prosecution. Defendant certainly had the right to do so, for, as said by Mr. Justice Story, in Picquet v. Swan, 5 Mason, 561, Fed. Cas. No. 11,135:

"The general principle is perfectly well settled, that the defendant may have the bill of the plaintiff dismissed for nonprosecution, if the plaintiff does not proceed therein within a reasonable time."

That a suit in equity abates on the death of either party is so well understood that it is scarcely necessary to do more than state the proposition. The fifty-sixth equity rule, which, as has been seen, largely controls here, provides that:

"Whenever a suit in equity shall become abated by the death of either party, or by any other event, the same may be revived by a bill of revivor or a bill in the nature of a bill of revivor, as the circumstances of the case may require, filed by the proper parties entitled to revive the same, which bill may be filed in the clerk's office at any time," etc.

The effect of an abatement in equity does not, however, as in law, amount to a termination of the suit, but only to a suspension thereof for want of parties capable of proceeding with the cause. The result is a state of suspension, which may be lifted on the coming in of proper parties. Clarke v. Mathewson, 12 Pet. 164, 9 L. Ed. 1041. Where the suit has abated, then, the way to have it revived is pointed out in the fifty-sixth rule in equity, supra, and who are proper parties within the meaning of the rule is settled by the authorities. In Rose's work on Federal Procedure, § 960, the author says:

"Privity in law, and not merely in estate, is necessary. That is, it lies only where there is some one who represents the former party, such as an heir in the case of realty, or the executor in case of personalty, and not in favor of a devisee, purchaser, assignee, or other person having merely a privity of estate." Citing Judge Story in Slack v. Walcott, 3 Mason, 508, Fed. Cas. No. 12,932.

And in Brown v. Fletcher (C. C.) 140 Fed. 639, a case similar in many respects to the one at bar, Judge Swan says:

"In Dunn v. Allen, 1 Vern. 426, it is said that an assignee or purchaser cannot have a bill of revivor for want of privity. So a devisee, being but a purchaser, and not representing the devisor, cannot have a bill of revivor for want of privity, but must have an original bill. Story v. Livingstone, 13 Pet. 365, 10 L. Ed. 200; Hinde's Practice, 49, 69; Russell v. Craig, 3 Bibb. 377; Peer v. Cookerow, 14 N. J. Eq. 361; Bowie v. Minter, 2 Ala. 406. In Lube's Eq. Pl. 140, it is said that only the heir, executor, or administrator of a deceased party, or the husband of a feme covert, can have a bill of revivor. See, also, Benson v. Wolverton, 16 N. J. Eq. 110; Slack v. Walcott, 3 Mason, 508, Fed. Cas. No. 12,932.

"If, therefore, Brown has, by assignment or devise, acquired the interest of the original complainant and his heirs and personal representatives, this suit cannot be revived, but he must file an original bill. This fact also authorizes the dismissal of the suit. Barribeau v. Brant, 17 How. 43, 15 L. Ed. 34; Campbell v. City of New York (C. C.) 35 Fed. 14."

This last case, it should be remarked, is one where the original complainant assigned all his right, title, and interest in the subject of the suit to the new complainant, and the latter had substitution as if the cause were one for revivor pure and simple. The court held that the suit could not be so continued. It was a case for a bill in the nature of a bill of revivor, and not for a bill of revivor. Where a privity of estate exists with the original party, arising after the commencement of suit by deed, such as assignee's, purchaser's, and devisee's, not constituting privity in law, but merely in estate, a bill in the nature of a bill of revivor will lie. The procedure is well recognized by authority. Says Mr. Justice Story, while sitting as Circuit Justice, in Slack v. Walcott, Fed. Cas. No. 12,932:

"When a party plaintiff claims a title by purchase or devise, he introduces a new title not previously in the case, and which is controvertible, not merely by the defendants named in the bill, but also by the heirs at law. As to these parties the suit is original; it does not merely revive the old suit, but it states new supplementary matters calling for an answer. So far, then, as it states such matter, it is an original bill; and so far as it seeks to revive upon that matter, it is in the nature of a bill of revivor. The practice conforms to this view of the doctrine."

So, therefore, there is a remedy by revivor meeting the exigency in either case, whether there be a succession by privity of law or by privity of estate merely—the one by bill of revivor, and the other by bill in the nature of a bill of revivor. Beyond this, there is still another procedure for revivor, when both exigencies arise in the same suit which is known as a "bill of revivor and supplement." 2 Bates on Federal Equity Procedure, 701. Speaking of this species of procedure, Rose, in his Code on Federal Procedure, vol. 1, p. 915, says:

"The authorities recognize the existence of bills of 'revivor and supplement,' and 'supplemental bills in the nature of bills of revivor,' but there seem to be few federal cases in which either of these phrases is used or their exac

significance discussed. The former is defined as a bill which revives a suit after abatement, and also supplies a defect arising since its institution. In other words, a bill of revivor and supplement is necessary when a suit has become both 'defective' and 'abated.'"

Now, in this case Wanna Stuart, the complainant in the proposed bill which is submitted for filing has succeeded by deed to the interest of William P. Miller, her father; and this occurred since the original suit was begun. She having so succeeded, the suit has become defective; that is to say, the interest of the original complainant has been acquired by another, and, under the well-established equitable practice, it becomes necessary for the successor to be substituted, to the end that the cause may be carried in litigation to its termination. That William P. Miller died subsequent to the transfer by him of his interest to Wanna Stuart can have no effect in this case. In other words, the cause would not abate by reason of that circumstance, because he had parted with his interest by deed prior to his death. This much as it relates to the complainant.

The defendant, Vallier Wattier, as is shown by the statement of the cause, died since the commencement thereof, and the defendants whom the petitioner, Wanna Stuart, seeks to have substituted for Wattier, are his heirs at law, and by reason of the death of Wattier the cause has abated as it respects the defendants. Hence we have the combination of a defective suit with one that has also abated, and the procedure by bill of revivor and supplement is the appropriate one for reviving the cause in either aspect. The bill prepared apparently states facts showing both relations.

The petitioner, Wanna Stuart, will therefore be granted leave to file her bill, and the defendants may, of course, take such action against it as they may deem advisable.