### PITTSBURGH, S..& N. R. CO. v. FISKE.

(Circuit Court of Appeals, Third Circuit. February 8, 1910.)

No. 82 (1,250).

1. COURTS (§ 343*)—ABATEMENT AND REVIVAL—TRANSFER OF INTEREST—SUPPLEMENTAL BILL—PRACTICE IN FEDERAL COURTS.

Where, pending a suit in equity, complainant transferred all his interest in the property in controversy to a corporation, the suit abated as to complainant, and could only be proceeded with by the transferee corporation under equity rule 57, providing that, whenever a suit in equity becomes defective from any event happening after the filing of the bill, leave may be granted to file a supplemental bill, or a bill in the nature of a supplemental bill.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 915, 916; Dec. Dig. § 343.*]

2. COURTS (§ 278*)—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP—TRANSFER OF INTEREST.

Where, pending a suit in a federal court, the jurisdiction of which depended on diversity of citizenship, complainant transferred his interest in the subject-matter to a corporation of the same citizenship as the defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant, the federal court no longer had jurisdiction, and could not proceed to a decree.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 819; Dec. Dig. § 278.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

Appeal from Circuit Court of the United States for the Western District of Pennsylvania.

Appeal by Irving L. Fiske against the Pittsburgh, Shawmut & Northern Railroad Company. Decree for complainant, and defendant appeals. Reversed and remanded, with instructions.

See, also, 123 Fed. 760.

George L. Roberts and C. Walter Artz, for appellant.
Fred. H. Ely and George C. Miller, for appellee.

Before GRAY and LANNING, Circuit Judges, and McPHERSON, District Judge.

LANNING, Circuit Judge. By his bill the complainant Fiske, a citizen of the state of New York, declared he was the owner in his own right of the lands described in the bill, and that the defendants, corporate citizens of the state of Pennsylvania, were committing acts of a continuing trespass upon those lands. His prayer was for an injunction. No other relief was sought. After issue had been joined, and while the parties were producing their proofs, the fact was disclosed that between the date of filing the bill and the time of commencing the taking of proofs Fiske, by conveying the lands to the Iroquois Coal Company, a corporate citizen of the state of Pennsylvania, parted with all interest in the subject-matter of the litigation. Notwithstanding this fact, the taking of proofs continued, and on final hearing, with no change in the pleadings, a decree was entered awarding to the complainant, Fiske, an injunction against the defendants, with costs of suit.

Generally, when a complainant, suing in his own right and alone, parts pendente lite with his interest in the subject-matter of the litigation, he cannot further prosecute the suit. It then becomes so defective that, for further prosecution, his grantee or assignee must by appropriate procedure come into the suit, to the end that the complainant on the record shall be one who has a real interest. The usual procedure in such a case is by an original bill in the nature of a supplemental bill. 3 Dan. Ch. Pl. & Pr. (1st Am. Ed.) 1663, 1664; Story's Eq. Pl. § 349; Beach's Modern Eq. Pr. § 481; 1 Foster's Federal Practice, § 186. Equity rule 57 recognizes this practice by providing that, whenever a suit in equity becomes defective from any event happening after the filing of the bill, leave may be granted to file a supplemental bill, or a bill in the nature of a supplemental bill. And see Tappan v. Smith, Fed. Cas. No. 13,748; Campbell v. City of New York (C. C.) 35 Fed. 14; Brown v. Fletcher (C. C.) 140 Fed. 639; Barribeau v. Brant, 17 How. 43, 15 L. Ed. 34. An assignment by a sole defendant of his interest in a litigation may not defeat a suit. His assignee, taking pendente lite, may be bound by the results of the liti-

gation, if he neglect to come in by an appropriate application. Ex parte Railroad Co., 95 U. S. 221, 24 L. Ed. 355. But in Fulton v. Greacen, 44 N. J. Eq. 443, 15 Atl. 827, Vice Chancellor Van Fleet said:

> "The principle is elementary that a complainant, suing in his own right and alone, cannot, after he has parted with his whole interest in the subject-matter of the litigation. further prosecute the action.".

The record of the present case shows that in an early stage of the taking of proofs for final hearing, while one of the complainant's witnesses was under cross-examination, and while Mr. Roberts, of counsel for defendants, was seeking to elicit from him proof as to the ownership of the lands described in the bill, one of the counsel for the complainant said:

> "Mr. Roberts, if you desire, we will admit that Mr. Irving L. Fiske took that property as trustee for these people [Mr. Cartwright and others], and afterwards these people organized the Iroquois Coal Company, and Fiske conveyed this property to the Iroquois Coal Company at their request."

Nearly 200 printed pages of testimony were taken on behalf of the complainant, Fiske, after this disclosure, on the theory, evidently, that, since the title was vested in him when the bill was filed, he could continue to prosecute the case in his own name for the benefit of the Iroquois Coal Company, though it was not a party to the record, though the complainant sustained no relation, fiduciary or otherwise, to it, and though in their answer the defendants had not only denied the ownership of Fiske, but asserted their legal right to do the acts complained of in the bill.

In Brewer v. Dodge, 28 Mich. 359, the bill was dismissed. On appeal, the Supreme Court of Michigan said:

> "It appears from complainant's own showing that in June, 1870, he conveyed the premises in dispute to one Charles E. Ritson. Ritson never made himself a party to the suit. By that conveyance complainant ceased to have any further interest in the controversy. If any one was injuriously affected by any subsequent proceedings, it was Ritson, and not complainant. It was no concern of his, after he had sold out all his interest. A court of equity must have the real parties before it, and will not permit a party who has voluntarily divested himself of any claim on his own behalf to continue litigating. As soon as a complainant assigns his rights, the suit as to him ceases, and becomes as defective for want of a complainant as if it had abated by his death. It can only be restored to activity by bringing the rights of the assignee before the court. Webster v. Hitchcock, 11 Mich. 56; Perkins v. Perkins, 16 Mich. 162. The complainant, therefore, was a mere interloper, after the date of his deed, and has no right to complain that his bill was dismissed. He had put himself out of court so far as any rights were concerned. The controversy was no longer his controversy, and the right to pursue it had been terminated as to him by his own act. He could not proceed alone, except for his sole grievances. Whether the decree would have been right or wrong if he had retained his interest, it was unquestionably right to dismiss the bill when the complainant had no interest. He was in the same position then as if his bill had shown on its face that the interest had been parted with before the commencement of suit."

In Adams Express Co. v. Denver & R. G. Ry. Co. (C. C.) 16 Fed. 712, Judge McCrary, at page 717, said:

> "It has never been held, and cannot, I apprehend, be maintained, that the complainant in a suit may voluntarily transfer all or a part of his interest in

the subject-matter of the litigation to a citizen of the same state with the defendant without ousting the jurisdiction. If this were allowed, it would make it possible in any case for a nonresident plaintiff who has instituted a suit in the federal court to transfer his cause of action to a citizen of the same state with the defendant, and thus bring controversies between citizens of the same state within the federal courts. It was accordingly held in Dunn v. Clarke, supra (8 Pet. 1 [8 L. Ed. 845]), that, while no change in the residence or condition of the original parties can take away jurisdiction which has once attached, yet, 'if other parties are made in the bill and different interests involved, it must be considered, to that extent at least, an original bill, and the jurisdiction of the Circuit Court must depend upon the citizenship of the parties.' If, therefore, we should assume that the cause of action stated in the original bill was assignable, and that the whole or some part of it has been assigned and transferred to Wells Fargo & Co., still this court cannot take jurisdiction of the supplemental bill, because it presents a controversy between two Colorado corporations, and which was not a part of the original suit in the sense of being between the same parties or their privies. My conclusion is that this court cannot take jurisdiction of the supplemental bill for the purpose of enforcing as against the respondent any right of Wells Fargo & Co., either alone or jointly with complainant, and the motion for leave to file the proposed supplemental bill is accordingly overruled."

In Hoxie v. Carr, Fed. Cas. No. 6,802, where the sole complainant had conveyed to another party, pendente lite, all his interest in the lands described in the bill, Justice Story, while retaining the bill because of the interest of the complainant in other features of the case, said:

"As to the conveyance of the plaintiff, as well as the sheriff's deeds executed pendente lite, if they had disposed of all the rights of the plaintiff, there would certainly have been an end to his bill for a total defect of merits; for it is very clear that no party can stand before the court for a decree who has no further interest in the suit, either formal or real."

To the same effect are Ross v. City of Ft. Wayne, 63 Fed. 466, 470, 11 C. C. A. 288; Ecaubert v. Appleton, 67 Fed. 917, 923, 15 C. C. A. 73; Goss Printing Press Co. v. Scott (C. C.) 134 Fed. 880.

In Automatic Switch Co. v. Cutler-Hammer Mfg. Co., 147 Fed. 250, 77 C. C. A. 176, where the sole complainant had assigned, pendente lite, all his interest in the subject-matter of the litigation, the Circuit Court of Appeals for the Second Circuit said:

"If a sole plaintiff, suing in his own right, assigns his whole interest to another, he is no longer able to prosecute the suit, because he is without interest in the litigation. It is unnecessary to refer to any authorities in addition to those cited in our opinion in Ecaubert v. Appleton, 67 Fed. 917 [15 C. C. A. 73]. The suit is completely suspended, and cannot be proceeded in till it is revived, and all orders and proceedings pending such abatement will be considered nugatory. After such an abatement—i. e., one caused by assignment of plaintiff's whole interest—the successor in interest, claiming by a title which may be litigated, may revive the suit by an original bill in the nature of a supplemental bill. Of such a bill Story says: 'But in the other case (an original bill in the nature of a supplemental bill) a new defense may be made. The pleadings and depositions cannot be used in the same manner as if filed or taken in the same cause; and the decree, if any has been obtained, is not otherwise of advantage than as it may be an inducement to the court to make a similar decree.' From the execution and delivery of the first assignment till after the filing of the opinion in the Circuit Court, a period of nearly three years, the litigation was being conducted by a person who had no interest in the patent, or in any claim arising under the patent. Under all the authorities, such proceedings were nugatory."

Jurisdiction of a federal court is not divested, it is true, by a change of domicile of one of the parties and his removal into the same state as the adverse party pendente lite (Morgan v. Morgan, 2 Wheat. 290, 4 L. Ed. 242), nor by the death of one of the parties and the substitution on the record of his personal representative, who is a citizen of the same state as his adversary (Clarke v. Mathewson, 12 Pet. 164, 9 L. Ed. 1041). In neither of these cases, however, is a new suit commenced. But where a sole complainant assigns all his interest in a suit, the original suit is at an end, and, to secure the advantage of what has been done in it, the assignee must file, not an ordinary supplemental bill, but an original bill in the nature of a supplemental bill. In other words, he must commence a new suit, and, in a federal court, the rule as to the requisite diversity of citizenship must then be applied. Fiske's grantee, the Iroquois Coal Company, made no application for leave to file such a bill. If it had done so, leave must have been denied, because of want of proper diversity of citizenship. Neither it, nor its grantor, can by silence and indirection accomplish what it could not accomplish directly and openly.

It is unnecessary to consider any of the assignments of error, other than those which are founded on the irregularity above mentioned. That irregularity necessarily invalidates the decree. The decree is reversed, and the proceedings will be remanded to the Circuit Court, with instructions to dismiss the bill, with costs against the complainant, Fiske, in this court and also in the Circuit Court.

NOTE.—The following is the opinion of Buffington, Circuit Judge, in the court below:

BUFFINGTON, Circuit Judge. This case was before us on application for preliminary injunction. We then reached the conclusion that the complainant was in possession of the property under a claim of title prima facie good. With a view to preserving the status in quo, we then awarded a preliminary injunction, but without prejudice to the carrying on of certain pending litigation between the same parties in the common pleas of Jefferson county, Pa. On appeal to the Circuit Court of Appeals, the decree awarding this injunction was sustained, in an opinion reported in 123 Fed. 760, 60 C. C. A. 621. The case now comes before us on final hearing.

Consideration of the proofs satisfies us that the injunction should be made permanent. The proofs leave no doubt that the legal title to the property was vested in Fiske, the complainant, when this bill was filed. The decree of the court of common pleas of Jefferson county, Pa., at No. 1, November term, 1902, based on the finding of fact and the clear and satisfactory opinion of Judge Reed, together with an examination of the proofs in the present case, show that the allegations of bad faith in the bill, and that the title to the property in controversy was not conveyed to Fiske in good faith, and but as a mere guise to vest a fictitious jurisdictional status, are not sustained. Such being the case, the injunction should be made permanent, unless, as contended by the respondent, the court is without jurisdiction by reason of the citizenship of the real parties in interest. It is contended that, while the title was vested in Fiske, the complainant, a citizen of New York state, it was so vested on a mere naked, self-executing, dry trust in favor of citizens of Pennsylvania; that the latter are the real parties to the controversy; and, if so, this court has no jurisdiction in a controversy between them and the respondent, a Pennsylvania corporation. This question we had before us on a motion to dimiss the bill. In disposing of such motion we then said: "We are of opinion that, under the facts in this case, the diverse citizenship of complainant from that of respondents vests jurisdiction in this court under the

authorities. Coal Co. v. Blatchford, 78 U. S. 174, 20 L. Ed. 179; Morris v. Lindauer, 54 Fed. 24, 4 C. C. A. 162; Shirk v. La Fayette (C. C.) 52 Fed. 857; Kerrison v. Stewart, 93 U. S. 155, 23 L. Ed. 843. The motion to dismiss the bill is therefore refused."

We still remain of the same opinion. The proofs show that Fiske was not a mere dry trustee. The entire and complete legal title was vested in him. While the purchase money was paid by others, yet in the declaration of trust, in which he acknowledged his trusteeship to the parties whose citizenship it is claimed would oust jurisdiction, he assumed certain active duties, and undertook to make conveyances according to the subsequently to be declared wishes of his cestuis que trustent. They impliedly undertook to convey to him certain stock in exchange for the interest in the land owned by one Dennison, a citizen of New York. To enable him to do so, it was necessary for him meanwhile to retain the legal title and to operate the property. This was the situation when the bill was filed. To the authorities cited above we add Carey v. Brown, 92 U. S. 171, 23 L. Ed. 469; Old Colony Trust Co. v. Wichita (C. C.) 123 Fed. 762; Kreider v. Cole, 149 Fed. 647, 79 C. C. A. 339. In view of our former action in this case, and the narrow compass within which the questions involved center, we refrain from a further expression of views.

Let a decree, with costs, awarding a permanent injunction, be prepared.