INTERLOCKING STEEL SHEETING CO. v. FRIESTEDT INTERLOCKING CHANNEL BAR CO. et al.

(Circuit Court, N. D. Illinois, N. D. October 5, 1910.)

No. 28,237.

1. PATENTS (§§ 283, 286*)—SUIT FOR INFRINGEMENT—WHO MAY MAINTAIN—ASSIGNEE.

A suit for infringement may be prosecuted by an assignee pendente lite, even though the patent may have expired after suit begun.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 454; Dec. Dig. §§ 283, 286.*

Persons entitled to sue for infringement, see note to Snead v. Scheble, 99 C. C. A. 583.]

2. PATENTS (§ 328*)—INFRINGEMENT—PILING.

The Simon patent, No. 500,780, for an improvement in metal piling, is valid, but must be limited to a hollow or fabricated beam with an alternating unfabricated beam, and is not infringed by the device of the Friestedt patent, No. 707,837.

In Equity. Suit by the Interlocking Steel Sheeting Company against the Friestedt Interlocking Channel Bar Company and Luther P. Friestedt. Decree for defendants.

Sheridan, Wilkinson, Scott & Richmond (George L. Wilkinson, of counsel), for complainant.

John G. Elliott, for defendants.

KOHLSAAT, Circuit Judge. This suit involves the validity, patentable novelty, and infringement of the two claims of patent No. 500,780, granted July 4, 1893, to A. Simon for improvements in pile planting, which read as follows, viz.:

"1. In combination the hollow beams having slots extending longitudinally thereof and the flanged connecting irons adapted to pass through said slots with their flanges inclosed by the beams, substantially as described.

"2. In combination the hollow beam comprising an angle iron and its op-

posing part arranged to leave longitudinal slots along its sides, the transverse connecting means to hold the angle iron and its opposing part together to form the hollow slotted beam and the flanged connecting iron, the flanges of which are fitted to the space between the slotted side of the beams, and the transverse connections, substantially as described."

It is contended by defendant that the court is without jurisdiction of the cause since the present complainant acquired title to the subject-matter pendente lite and, as is alleged, subsequent to the expiration of the patent in suit. The patent states that the invention had been patented in Germany on July 30, 1891, and in Belgium on April 11, 1892. It was the judgment of the Circuit Court of Appeals for the Third Circuit that, in view of the Convention of Brussels, December 14, 1900, in force in this country September 14, 1902, United States patents do not expire with foreign patents. Hennebique Construction Company v. Myers et al., 172 Fed. 869, 97 C. C. A. 289. However that may be, it is the law in this circuit that a suit for infringement may be prosecuted by an assignee pendente lite, even though the patent may have expired after suit begun. Ross v. City of Ft. Wayne, 63 Fed. 466, 11 C. C. A. 288. The contention of defendants in this respect is therefore deemed not well taken.

According to the specification, the invention consists in an improved form of beam or girder combined with special irons for connecting a series of such beams together for use as piling and other similar constructions. The beams or girders are described as hollow "with two longitudinal slots, the one opposite the other and associated with I or other shaped irons combined in such a way that the latter alternate with the beams, the flanged extremities of the irons fitting in the slots of the beams and having some play therein, while being inclosed and held firmly by the said beams."

It remained for counsel and witness to claim for the patent the distinction of being the only piling which could at the time the patent was applied for be constructed from standard roll shapes or, as Isham Randolph testifies, the only device "that takes certain well-known forms of material, puts them together, and applies them to a new use, to which they had not theretofore been applied." The complainant insists that, in addition to the adaptability of the device of the patent to the employment of standard commercial steel beams, it possesses patentable novelty, in that it is the only piling constructed of alternating fabricated and nonfabricated beams. The advantage claimed for the so-called fabricated beam of the patent is that it imparts stiffness to the structure. It was not new. As early as 1880 Reeves had obtained a patent in England for a hollow beam. He describes his device as suited for sinking submerged constructions. His plan involved the forcing of water into an upright hollow beam, whereby it could be sunk by gravity. He provides for a series interlocked in such a manner as to form a water-tight joint. "When forming a foundation," he says, "I sink a number of these sections side by side into any form in which it is deemed the foundation should be, circular, square, oval, or otherwise." Several other prior devices are shown in the record, as, for instance, those of Poulson & Eils, June 6, 1893, for wrought-iron or steel columns. The nonfabricated beam is also old in inter-

locking combination with other nonfabricated beams by means of bending the metal back upon itself. It is found in Herron patent, No. 325,172, of August, 1885; McIntyre patent, No. 486,885, of November 29, 1892. The interlocking of I-beams by means of embracing iron or steel clamps, or pieces, is clearly shown in the publication of Humber in 1857. These are not shown in the piling art, but their application to that art would hardly involve novelty. In Figs. 7 and 8 of the Reeves patent is shown a simple interlocking beam, slotted at one end and grooved at the other, having a tube passing down the side of the section for the purpose of carrying the water current wherewith to undermine and lower the same. Thus it is clear neither section of the device of the patent in suit is new. Nevertheless, the record fails to show any such combination as is claimed. As stated, the hollow beam gives strength and fixedness to the piling, while the unfabricated member is easily driven into the ground and yet has all the firmness of the hollow beam imparted to it. These features considered, there seems to be something of novelty and usefulness in the device.

In view of the state of the prior art, great advances can hardly be looked for. I am of the opinion that the patent is valid for what it lays claim to. It must, however, be limited to the hollow or fabricated beam and its alternating unfabricated beam. There is no foundation for the claim that it covers every device which can be constructed from standard steel beams. With this limitation, can it be said that defendant's device infringes? The latter is manufactured in accordance with patent No. 707,837 granted to defendant Friestedt August 26, 1902, and consisted of a standard form of rolled channel bar to which is bolted angle or Z-bars at a point somewhat removed from the flanges of the channel bar, thus forming a slot for the flange of the adjacent channel beam. I-beams are not used. The part which it is claimed is the equivalent of complainant's hollow beam is open on one side. Of the arms of the Z-bars which combine with the flange of the channel bar to form the slot, one is bolted on to the channel bar and the other is free. The channel bar is thus for the greater part of its channel unsupported and cannot fail to lack the firmness and rigidity of the Simon hollow beam. The general strength or firmness of defendant's device would seem to be about half that of the Simon hollow beam, or, at any rate, much less.

Every effort is made in the drawings, the specification, and the claims to show an inclosed, four-sided hollow beam as one of the members of the combination. The ⌐⌐ bar, as well as the Z-bar mentioned in reference to Figs. 7 and 8, are for the purpose of holding the opposite members of the hollow beam in position, and not for the purpose of forming a slot. Friestedt's Z-bar serves no other purpose than to form a slot.

The defendant has for six or eight years been placing its device on the market, and has effected sales aggregating some 37,000 pieces as against 2,000 made by complainant, which used about 1,800 in its business and sold only 200.

Everything considered, there is no good ground for holding that defendant infringes, and the bill will be dismissed for want of equity.