## INDIVIDUAL DRINKING CUP CO., Inc., v. LILY–TULIP CUP CORPORATION.

### No. 7397.

District Court, E. D. New York.

June 15, 1936.

Moses & Nolte, of New York City, for plaintiff.

Briesen & Schrenk, of New York City, for defendant.

BYERS, District Judge.

This is a hearing on a petition for leave to file an original bill of complaint in the nature of a supplemental bill. The petition is by the corporate successor to the plaintiff above-named, into which the latter was merged since issue was joined. The successor corporation was organized under the laws of Delaware, as was the defendant, while the original plaintiff was a corporation of Pennsylvania.

The cause of action as embodied in the original bill was for patent infringement, trade-mark and copyright infringement and unfair competition.

The proposed original bill alleges ownership on the part of the original plaintiff of the said patents, trade-marks and copyrights and of the business in the manufacture and sale of paper cups against which the alleged unfair competition was said to have been levied, and of all rights to recover for said infringements and rights of action to recover for the alleged unfair competition; the merger of the original plaintiff into the Dixie-Vortex Company, the successor corporation; and the merger of all the property and business of the old corporation into that of the new; and specifically that the enumerated items are and since April 1, 1936, have been the exclusive property of the latter; that, in furtherance of the merger, written assignments of the several patents and trade-mark and copyright registrations have been executed and delivered by the old corporation to the new, together with the rights of action to recover for infringements.

The prayer is that the causes of action and infringements originally charged shall be taken as charged against the defendant in this bill; that the answer heretofore filed shall stand as the answer thereto; that the counterclaim therein contained stand, and that the new corporation be substituted as defendant thereto, and that the answer to that counterclaim by the old corporation stand as the answer thereto of the new; and that the

new company be granted the relief sought in the first bill.

The answer to the bill was filed July 3, 1935, and the answer to the counter-claim therein pleaded was filed July 12, 1935.

The motion is not opposed as to patents which have not expired; it is opposed as to one patent which expired February 19, 1935, four months after the first bill was filed on October 16, 1934; and as to the alleged unfair competition on the part of the defendant.

The opposition is that, as to the expired patent, the bill sought to be filed should not be accepted, and that, as to the alleged unfair competition, the court is without jurisdiction since diversity no longer exists.

The controversy will be clarified by an understanding of the status of the parties which results from the circumstances which have been related. If the property rights asserted in the bill filed October 16, 1934, were not susceptible of alienation by the original plaintiff to the petitioner so as to permit of a present assertion of those rights by it, manifestly the opposition to the petition is sound.

■ As to the patent which expired after the filing of the original bill, and prior to the assignment, it is thought that the nature and extent of the property rights of the former owner of the patent were of such a nature that they could be the subject of a complete and effectual assignment to this petitioner, and that this pending cause may be continued by it. Ross v. City of Ft. Wayne (C.C.A.) 63 F. 466; Jackson v. Friestedt Interlocking Channel Bar Co. (C.C.) 159 F. 496.

The distinction between the former case and this, which the defendant urges, namely, that prior to the assignment, the assignee had an equitable interest in the patent which is not the fact here, has been considered. It seems that the decision was not limited to that narrow ground, see 63 F. 466, at page 472 of the opinion. On rehearing, the subject was referred to as to its bearing only upon the common law doctrine of maintenance.

■ The question concerning unfair competition as asserted, is more difficult of determination.

There seem to be no decisions in this circuit touching the effect upon the jurisdiction of the court, of an assignment by a complainant in equity of a pending cause of action to a resident of the same state as that of the defendant.

The issue has given rise to conflicting decisions elsewhere, and the difficulty seems to have arisen in the development of procedure in Chancery as can be seen from the presentation of the subject of Abatement in Daniels Chancery Pleading & Practice. He discusses the subject of the transmission of the interest in a suit by either party after the commencement of a cause, and the necessity for the presence of the transferee before the court, prior to the statutory regulation by Parliament in the 19th Century of the practice and procedure in Chancery. He says the cause was not "absolutely abated, but was deemed defective."

In a simple case, a bill of revivor was sufficient, meaning that a dormant cause thereby was revived and continued; but where any fact capable of being disputed in Chancery "as to the transmission of the interest" was involved, a bill of supplement was necessary.

It is thought that this may explain much that has been written subsequently as to the necessity for following the practice here involved; that is, the filing of a supplemental bill in the nature of an original bill; the petition for leave to file opens the door to a contest as to the title of the petitioner to the cause which he asserts.

If in fact he is not the devisee of the land concerning which the litigation was instituted, or if he is not the assignee of the chose in action set forth in the bill, or if there is any other impairment of the transmission to him of the cause originally pleaded, the issue must be met and disposed of in connection with his petition.

Daniels writes (page 1519, 5th Am. Ed.): "The authorities are not quite clear as to the cases when the transmission of interest of a sole plaintiff rendered the one or the other forms of proceeding applicable; but there seems no doubt that wherever the interest of a plaintiff was transmitted by act of law to a person who thereupon sued under the same title, the person upon whom it so devolved was entitled to the benefit of the former proceedings in the suit, or, in other words,

might file either a simple bill of revivor or a common bill of supplement."

This petitioner does not claim transmission by act of law, but by act of the original plaintiff; thus the cause falls within the class of cases as to which the "authorities are not quite clear," but the practice followed by the petitioner has the sanction of decision.

The petitioner's title to the asserted cause of action is not challenged by the defendant, but the right to enforce it in this suit, is denied.

The defendant relies upon: Pittsburgh, S. & N. R. Co. v. Fiske, 178 F. 66 (C. C.A.3rd), and Adams Express Co. v. Denver & R. G. Ry. Co., 16 F. 712 (C.C. Col.).

These cases clearly uphold the contention that the court is ousted of jurisdiction, when a plaintiff assigns his whole cause of action to a resident of the same state as that of the defendant. In neither case was a petition such as this presented by the assignee, but this difference in practice is not thought to be momentous.

The petitioner relies upon the principle frequently stated, that jurisdiction once having attached to a controversy could not be divested by any subsequent events.

Reliance is had upon: Glover v. Shepperd, 21 F. 481 (C.C.Wis.); Jarboe v. Templer, 38 F. 213 (C.C.Kan.); Sternberger v. Continental Mines, Power & Reduction Co., 259 F. 293 (D.C.Col.).

The reasoning in the opinion in the first named case seems persuasive to this court, and to be preferred to that in the case of Pittsburgh, S. & N. R. Co. v. Fiske, supra.

It is thought that so much of the latter opinion as occurs on page 70 of 178 F., to the effect that where the sole complainant assigns all his interest in a suit, "the original suit is at an end * * *. In other words, he must commence a new suit, and, in a federal court, the rule as to the requisite diversity of citizenship must then be applied," misconceives the situation, and imports into a procedural nicety a substantive element which is alien to the requirements, which were those solely of Chancery practice.

The language above quoted from Daniels is that the "cause was not absolutely abated, but was deemed defective."

Here the original plaintiff transferred its entire rights in a pending cause, to this petitioner; the cause did not expire by that action, but it could not move forward under the original auspices; now the court is asked to permit the corporation to which the cause has been transmitted, to advance the cause to trial by permitting the defect of parties to be remedied. No meritorious reason is urged to the contrary; nor is the title of the petitioner to the cause now challenged.

The discussion by Bunn, J., in Glover v. Shepperd, supra, of the lack of substance in the difference in the method of transmission, whether it be by operation of law or by act of a party, whereby litigation may be continued which was originally based on diversity, though the diversity has been lost, is convincing and will be followed.

There remains to discuss the bearing of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. It is said for the defendant that certain of the alleged acts of unfair competition are remote from the trade-marks and design patent referred to in the bill of complaint, and as to these the court should discriminate at this time, if the petition is to be allowed.

That argument is understood to have been made as an alternative to the one already considered, and to meet the petitioner's point that the petition should be allowed because the unfair competition element of the case is so interwoven with patent and trade-mark infringement, that under the case referred to the defendant's objection must be disregarded. This decision is made without reference to that subject and for reasons which have been stated; the nature of the several aspects of the alleged unfair competition has not been considered and no opinion thereon is hereby indicated.

Settle an order granting the petition for leave to file, etc.